Gerald J. Smit
14 Sarah Court
Bridgewater, NJ 08807
908-231-0812      GS-7780
Attorney for Plaintiff management employees of AT&T

**FILED**

AUG 05 1998

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AT 8:30 ............. M
WILLIAM T. WALSH
CLERK

|  |  |
|---|---|
| MANAGEMENT EMPLOYEES OF AT&T, | : |
| Plaintiff, | : |
| v. | : |
| AT&T and AT&T MANAGEMENT PENSION PLAN, | : |
| Defendants. | : |

CIVIL ACTION 98-3660
(NHP)

and demand for
JURY TRIAL

Representatives of the Plaintiff Class are named on this page.

Phillip C. Engers
Suite 280
10400 Little Patuxent Parkway,
Columbia, MD  21044

Roger E. Lippold
Room 700
901 Marquette Avenue
Minneapolis, MN  55402-3205

Warren J. McFall
Room 21B05
55 Corporate Drive
Bridgewater, NJ  08807-1265

Donald G. Noerr
Room 2A110N
900 Route 202/206 North
P.O. Box 752
Bedminster, NJ  07921-0752

Defendants:

AT&T Corporation
295 North Maple Avenue
Basking Ridge, NJ  07920

AT&T Management Pension Plan
Pension Plan Administrator
East Tower, Room 821
One Speedwell Avenue
P.O. Box 1954
Morristown, NJ  07962-1954

1

Plaintiff, complaining of the Defendant, avers:

JURISDICTION AND VENUE

1.    Plaintiff invokes the jurisdiction of this court pursuant to Diversity in common law and contract disputes, the Employee Retirement Income Security Act of 1974 as amended and supplemented, and the Age Discrimination in Employment Act of 1967 as amended. Plaintiff also invokes this court's pendent jurisdiction.  The matter in controversy exceeds the sum and value of $75,000.00 exclusive of interest and cost, and is between the citizens of different states.

2.    Venue is proper in this court in that Plaintiff class representatives and members of the class are residents of this district, the Defendant's principle place of business is in this district, Defendant maintains its executive offices in this district, Defendant employees more people in this district than any other district and is the largest private employer in this district.  Defendant's primary corporate operations, Business Markets Division, Consumer Markets Division, and Network Operations Organization to which Plaintiff's class representatives belong have headquarters in this district.  Defendant's organizations which initiated the activities giving rise to Plaintiff's claims of this controversy are located in this district..

3.    Plaintiff has filed a complaint with the Equal Employment Opportunity Commission more than 60 days prior to commencement of this action, which agency was not able to resolve the controversy and which issued a letter to the Plaintiff dated May 18, 1998 and

received May 20, 1998, informing and advising the Plaintiff that it was unable to resolve the controversy as described to it and that it was not prepared to take further action therein.

4.   Plaintiff has timely filed this action in this court.

JURY TRIAL

5.   Plaintiff demands a trial by jury.

CLASS ACTION

6.   Plaintiff brings this action as a class action in accordance with Federal Rule of Civil Procedure 23 to resolve disputes under common law and contract, the Employee Retirement Income Security Act of 1974 as amended and supplemented, and pendant state issues.  As the issues are so intertwined with issues under the Age Discrimination in Employment Act of 1967 as amended, judicial economy dictates resolving all issues as a single action in accordance with Federal Rule of Civil Procedure 23(b).

7.   Plaintiff brings this action as a class action on behalf of and comprising AT&T management employees.  Members of the class on behalf of whom Plaintiff

representatives sue are so numerous that joinder of all members is impracticable.  There

are common questions of law and fact affecting the rights of Plaintiff as employees of

Defendant.  The claims of the class representatives, those persons named on the face of

this document, are typical of the claims of the class.  The class representatives are all

members of the class and will fairly and adequately protect the interests of the class.  This

action is best maintainable as a class action as the prosecution of separate actions by

individual members of the class would create a risk of inconsistent or varying

adjudication which would establish incompatible standards of conduct for Defendant.

Defendant has acted and/or refused to act on grounds generally applicable to the class

Plaintiff represents, thereby making appropriate final injunctive and other equitable relief

in favor of Plaintiff and the class.  Questions of law or fact common to the members of

the class predominate over any questions affecting only individual members.

PARTIES

8.     Plaintiff is a class comprising the management employees of AT&T who were

participants in the AT&T Management Pension Plan as of 12/31/96.  Members of the

class reside throughout the world and number on information and belief several tens of

thousands.

9.     Plaintiff avers on information and belief that Defendant, AT&T Corp., is a business

corporation organized and existing under the laws of the United States of America, is

qualified to do business in New Jersey and does business in New Jersey under the name "AT&T." Upon information and belief Defendant's principal offices for its primary corporate operations, Consumer Markets Division, Business Markets Division, and network operations center are located in New Jersey.

10.     Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967 as amended and the Employee Retirement Income Security Act of 1974 as amended and supplemented.

**FIRST CLAIM FOR RELIEF: code of conduct - respect and dignity for individuals**

11.     Defendant governs its activities and relationships with Plaintiff according to a published code of conduct.

12.     According to the code of conduct, Defendant is expected to behave in law-abiding and ethical ways in all of its business relationships, dealings, and activities, including relationships, dealings, and activities with its employees.

13.     Defendant's code of conduct, which governs the actions of all its employees, requires respect for individuals, treating fellow employees with respect and dignity.

14.     Plaintiff members have given their careers to Defendant in exchange their pension.

15. Defendant announced changes to the pension plan on or about November 10, 1997 which resulted in a decrease in benefits for older, long term employees.

16. Younger, recently hired employees are receiving greater benefits than those ever received by members of Plaintiff class.

17. This decrease in Plaintiff's benefits was made retroactive to (on or about) 12/31/96.

18. Older, long term employees were given no choice in accepting the pension plan changes.

19. Older, long term employees were informed they could resign from the company if dissatisfied with the pension plan changes.

20. Older, long term employees were held hostage since by resigning, such employees would surrender their rights to the service pension retirement benefits.

21. Older, long term employees have been powerless to impact the pension plan changes within the company.

22.    Due to the pension plan changes and the manner in which they were implemented, older, long term employees suffered economic, prestige, professional, and emotional losses.

23.    The pension plan changes were made without respect for the Plaintiff.

WHEREFORE, the Plaintiff prays the Court that:

A.    An Order issue from the Court holding that the AT&T code of conduct has been violated by the pension plan changes.

B.    An Order be made directing that Defendant shall discipline the pension plan change responsible managers in accordance with the code of conduct.

C.    An Order issue requiring Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

D.    Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

E.    Defendant pay the Plaintiff punitive damages and interest.

F.    The court provide such other equitable relief as the court may deem appropriate.

**SECOND CLAIM FOR RELIEF: code of conduct - communicate frequently and with candor**

24.    The statements of the previous count are hereby included as if set forth at length.

25.   Defendant's Human Resources organization possesses information regarding the particular details of the process and factors used to develop its pension plan changes.

26.   Defendant was requested to reveal this information with questioning employees.

27.   AT&T's Human Resources organization withheld this information without good cause.

28.   AT&T's Human Resources organization withheld this information from internal investigators and other employees during its internal affirmative action/equal employment opportunity investigations.

29.   AT&T's Human Resources organization deliberately withheld this information during its internal affirmative action/equal employment opportunity investigations.

30.   Withholding this information necessitated this lawsuit and exposed the company to loss of business from adverse publicity.

WHEREFORE, the Plaintiff prays the Court that:

A. An Order issue from the Court holding that the AT&T code of conduct has been violated by the pension plan changes.

B. An Order be made directing that Defendant shall discipline the pension plan change responsible managers in accordance with the code of conduct.

C. An Order issue requiring Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

D. Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

E. Defendant pay the Plaintiff punitive damages and interest.

F. The court provide such other equitable relief as the court may deem appropriate.

**THIRD CLAIM FOR RELIEF: code of conduct - highest standards of integrity**

31.  The statements of the previous counts are hereby included as if set forth at length.

32.  Defendant's code of conduct requires that "we are honest and ethical in all our business dealings, starting with how we treat each other.  We keep our promises ...".

33.  The pension plan changes were made disfavoring older, long term employees without an equitable, bargained for exchange.

34.  The pension plan changes were intentionally made disfavoring older, long term employees without an equitable, bargained for exchange.

WHEREFORE, the Plaintiff prays the Court that:

A. An Order issue from the Court holding that the AT&T code of conduct has been
   violated by the pension plan changes.

B. An Order be made directing that Defendant shall discipline the pension plan change
   responsible managers in accordance with the code of conduct.

C. An Order issue requiring Defendant to calculate Plaintiff members' pension cash
   balance account value for all years of Plaintiffs' service according to the cash balance
   account methodology and average yearly prime interest rate as the interest factor.

D. Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

E. Defendant pay the Plaintiff punitive damages and interest.

F. The court provide such other equitable relief as the court may deem appropriate.


**FOURTH CLAIM FOR RELIEF: breach of contract - sovereign common law
preexisting state law**


35. The statements of the previous counts are hereby included as if set forth at length.


36. Defendant offered to provide specific pension plan benefits to Plaintiff in exchange
for Plaintiff's work.


37. Plaintiff accepted Defendant's offer and has performed work.

38. In the spring of 1997, Defendant announced the details of the "special update" pension modification which Plaintiff accepted.

39. On or about November 10, 1997 Defendant informed Plaintiff that changes had been made to the pension plan without gaining Plaintiff's consent.

40. The pension changes reduced the Plaintiffs' bargained for consideration.

41. One change introduced a freeze to the maximum value of the pension benefit older, experienced employees could receive.

42. At the time of conclusion of the frozen period, Plaintiff would have less pension value than the pension value Plaintiff had bargained to receive immediately prior to the implementation of the changes.

43. On information and belief, Plaintiff members currently on the payroll and not yet age 55, who will be eligible to retire with a service pension at age 55 under the pension plan both before and after the changes, will not receive their pre changes bargained for pension value if they retire at age 55.

44. The Defendant breached the contract with Plaintiff under sovereign common law in preexisting state law.

WHEREFORE, the Plaintiff prays the Court that an Order issue requiring:

A. Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

B. Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

C. Defendant pay the Plaintiff punitive damages and interest.

D. The court provide such other equitable relief as the court may deem appropriate.

**FIFTH CLAIM FOR RELIEF: breach of contract - sovereign common law preexisting state law - retroactive changes**

45. The statements of the previous counts are hereby included as if set forth at length.

46. Defendant informed Plaintiff that the pension changes would be made retroactive.

47. The pension changes would be made retroactive to on or about 1/1/97.

48. The retroactive pension changes reduced the Plaintiff's bargained for consideration.

49. The Defendant breached the contract with Plaintiff under sovereign common law in preexisting state law.

WHEREFORE, the Plaintiff prays the Court that an Order issue requiring:

A. Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

B. Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

C. Defendant pay the Plaintiff punitive damages and interest.

D. The court provide such other equitable relief as the court may deem appropriate..

## SIXTH CLAIM FOR RELIEF: age discrimination - discriminatory treatment because of age

50. The statements of the previous counts are hereby included as if set forth at length.

51. Members of Plaintiff class are over 18 years of age and 40 years of age.

52. Members of Plaintiff class are in the protected class under the New Jersey Law Against Discrimination, similar laws in other states, and the United States Age Discrimination in Employment Act of 1967 as amended.

53. Members of Plaintiff class are participants in Defendant's defined benefit pension plan.

54. On or about November 10, 1997 Defendant informed Plaintiff that changes had been made to the pension plan.

55. Defendant informed Plaintiff that the changes would be made retroactive.

56. The changes would freeze the maximum value of the pension benefit Plaintiff could receive for many years.

57. No pension value increase could be realized by Plaintiff for said years.

58. During said years Plaintiffs' pension would decrease in value due to the effects of inflation.

59. Defendant would not be adding any realizable value to Plaintiffs' pension during said years.

60. Defendant used a formula based on age to effectuate the freeze.

61. No recently hired, younger employee would experience a freeze.

62. All recently hired, younger employees would experience annual pension value increases.

63. During said years of not increasing the value, Defendant is incurring no cost for Plaintiffs' pension while at the same time Defendant or Defendant's pension plan is incurring the cost of younger employees' pensions.

64. Such action by Defendant discriminates against Plaintiff because of age under the Age discrimination in Employment Act, the New Jersey Law Against Discrimination, such similar laws of other states, the Fair Labor Standards Act, and the New Jersey State Constitution.

65. Such action by Defendant discriminates against Plaintiff because of age under the Age discrimination in Employment Act 29 USC §623(a)(1), 29 USC §623(a)(2), and 29 USC §626(b) - any act prohibited under section 623 deemed to be prohibited under section 215.

66. Such action by Defendant discriminates against Plaintiff under the Fair Labor Standards Act 29 USC §215.

67. Defendant deliberately treats Plaintiff differently because of age.

68. Such actions by Defendant have a disproportionate impact and discriminate against Plaintiff due to age under the Age Discrimination In Employment Act of 1967 as amended, The New Jersey Law Against Discrimination, such similar laws of other states, and the New Jersey State Constitution.

WHEREFORE, the Plaintiff prays the Court that an Order issue requiring:

A. Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

B. Defendant pay the Plaintiff an additional equal amount of the shortfall in the cash balance account as liquidated damages as provided by the Fair Labor Standards Act.

C. Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

D. Defendant pay the Plaintiff punitive damages and interest.

E. The Court afford the relief provided by the federal Age Discrimination in Employment Act, the New Jersey Law Against Discrimination, and such similar laws of other states in the form of additional liquidated damages.

F. The court provide such other equitable relief as the court may deem appropriate.

**SEVENTH CLAIM FOR RELIEF: age discrimination - forced surrender of previously earned pension**

69. The statements of the previous counts are hereby included as if set forth at length.

70. On or about November 10, 1997 Defendant informed Plaintiff that changes had been made to the pension plan.

71.   Defendant informed Plaintiff that the changes would be made retroactive.

72.   The changes would freeze the accrued value of the pension benefit each Plaintiff member had earned to that retroactive point in time.

73.   Defendant used a formula based on age to effectuate the freeze.

74.   Among the changes Defendant purported to make was to set up a cash balance account for each employee.

75.   The cash balance account was funded at an amount far less than the actuarial equivalent of the previous pension.

76.   Defendant would purport to make periodic value additions to the cash balance account.

77.   According to the changes in the pension plan, on retirement Plaintiff could take the greater of the frozen plan or the cash balance account, but not both.

78.   But since the cash balance account had been initially funded at a low value, it would take many years to even equal the value of the Plaintiffs' pension before the changes.

79.   The changes effectively amount to a requirement that Plaintiff surrender rights to previously earned pension in order to accrue additional pension value and in the interim, no pension value accrues.

80.   No younger, newly hired employee is required to surrender accrued pension value in order to accrue additional pension value.

81.   Younger employees began to receive the immediate benefits from the changed pension plan.

82.   No pension value increase could be realized by Plaintiff for said years.

83.   During said years Plaintiffs' pension would decrease in value due to the effects of inflation.

84.   Defendant would not be adding any realizable value to Plaintiffs' pension during said years.

85.   During said years of not increasing the value, Defendant is incurring no cost for Plaintiffs' pension while at the same time Defendant is incurring the cost of younger employees' pensions.

86.     Such actions by Defendant discriminate against Plaintiff due to age under the Age Discrimination In Employment Act of 1967 as amended, The New Jersey Law Against Discrimination, such similar laws of other states, and the New Jersey State Constitution.

87.     Defendant deliberately treats Plaintiff differently because of age.

88.     Such actions by Defendant have a disproportionate impact and discriminate against Plaintiff due to age under the Age Discrimination In Employment Act of 1967 as amended, The New Jersey Law Against Discrimination, such similar laws of other states, and the New Jersey State Constitution.

WHEREFORE, the Plaintiff prays the Court that an Order issue requiring:

A. Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

B. Defendant pay the Plaintiff an additional equal amount of the shortfall in the cash balance account as liquidated damages as provided by the Fair Labor Standards Act.

C. Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

D. Defendant pay the Plaintiff punitive damages and interest.

E. The Court afford the relief provided by the Age Discrimination in Employment Act and the New Jersey Law Against Discrimination in the form of liquidated damages.

F. The court provide such other equitable relief as the court may deem appropriate.

**EIGHTH CLAIM FOR RELIEF: age discrimination - cessation, and reduction in rate, of benefit accrual**

89.   The statements of the previous counts are hereby included as if set forth at length.

90.   Members of Plaintiff class are over 18 years of age and 40 years of age.

91.   Members of Plaintiff class are in the protected class under the New Jersey Law Against Discrimination, similar laws in other states, and the United States Age Discrimination in Employment Act of 1967 as amended.

92.   Members of Plaintiff class are participants in Defendant's defined benefit pension plan.

93.   On or about November 10, 1997 Defendant informed Plaintiff that changes had been made to the pension plan.

94.   Defendant informed Plaintiff that the changes would be made retroactive.

95.   The changes would freeze the maximum value of the pension benefit Plaintiff could receive for many years.

96.   No pension value increase could be realized by Plaintiff for said years.

97.   During said years Plaintiffs' pension would decrease in value due to the effects of inflation.

98.   Defendant would not be adding any realizable value to Plaintiffs' pension during said years.

99.   Defendant used a formula based on age to effectuate the freeze.

100.   No recently hired, younger employee would experience a freeze.

101.   All recently hired, younger employees would experience annual pension value increases.

102.   During said years of not increasing the value, Defendant is incurring no cost for Plaintiffs' pension while at the same time Defendant or Defendant's pension plan is incurring the cost of younger employees' pensions.

103.   Such action by Defendant discriminates against Plaintiff because of age under the Age discrimination in Employment Act, the New Jersey Law Against Discrimination, such similar laws of other states, the Fair Labor Standards Act, and the New Jersey State Constitution.

104.    Such action by Defendant discriminates against Plaintiff because of age under the

Age discrimination in Employment Act 29 USC §623(a)(1), 29 USC §623(a)(2), 29 USC

§623(i)(1)(A), and 29 USC §626(b) - any act prohibited under section 623 deemed to be

prohibited under section 215.


105.    Such action by Defendant discriminates against Plaintiff under the Fair Labor

Standards Act 29 USC §215.


106.    Defendant deliberately treats Plaintiff differently because of age.


107.    Such actions by Defendant have a disproportionate impact and discriminate

against Plaintiff due to age under the Age Discrimination In Employment Act of 1967 as

amended, The New Jersey Law Against Discrimination, such similar laws of other states,

and the New Jersey State Constitution.


WHEREFORE, the Plaintiff prays the Court that an Order issue requiring:

A.  Defendant to calculate Plaintiff members' pension cash balance account value for all

     years of Plaintiffs' service according to the cash balance account methodology and

     average yearly prime interest rate as the interest factor.

B.  Defendant pay the Plaintiff an additional equal amount of the shortfall in the cash

     balance account as liquidated damages as provided by the Fair Labor Standards Act.

C.  Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

D.  Defendant pay the Plaintiff punitive damages and interest.

E.  The Court afford the relief provided by the Age Discrimination in Employment Act and the New Jersey Law Against Discrimination in the form of liquidated damages.

F.  The court provide such other equitable relief as the court may deem appropriate.

## NINTH CLAIM FOR RELIEF: retaliation

108.  The statements of the previous counts are hereby included as if set forth at length.

109.  Member(s) of Plaintiff class disclosed to their supervisors a reasonable belief that the changes to the pension plan were unlawful, disadvantaging, and discriminating against older, experienced employees.

110.  Member(s) of Plaintiff class pursued Defendant's internal dispute resolution procedures.

111.  Member(s) of Plaintiff class sought formal dispute resolution from governmental agencies.

112.  Defendant retaliated against such member(s) by withholding VRIP.

113.  Defendant retaliated against such member(s) by withholding other compensation.

114.   Defendant failed to provide adequate notice.

115.   Defendant's retaliation is in violation of the Age Discrimination in Employment Act of 1967 as amended, the Fair Labor Standards Act, and the New Jersey Conscientious Employee Protection Act 118 NJSA 34:19 et. seq. (New Jersey Whistleblower Act).

116.   Defendant's retaliation is in violation of the Age Discrimination in Employment Act of 1967 as amended 29 USC § 623(d).

117.   Defendant's retaliation is in violation of the Fair Labor Standards Act 29 USC § 215(a)(3).

WHEREFORE, the Plaintiff prays the Court that:

A.   Plaintiff be awarded compensation for lost sums, wages, merit awards, salary treatments, benefits, costs and attorney's fees, punitive damages, and liquidated damages.

B.   Defendant pay the Plaintiff an additional equal amount of the shortfall in the cash balance account as liquidated damages as provided by the Fair Labor Standards Act.

C.   Defendant be fined not more than $10,000 and such other equitable relief as the court may decide.

D.   Defendant be fined in accordance with NJSA 34:19-5(g).

**TENTH CLAIM FOR RELIEF: intentional infliction of emotional distress**

118. The statements of the previous counts are hereby included as if set forth at length.

119. Defendant's conduct has been extreme and outrageous in retroactively stopping compensation for protected employees who have been held hostage by the need to accrue service pension retirement rights.

120. Defendant abused its absolute authority to affect Plaintiff's interests.

121. Defendant intentionally and recklessly caused Plaintiff to suffer severe emotional distress.

122. Defendant has been reckless as to the effect of Defendant's conduct in causing severe emotional distress in Plaintiff.

123. Plaintiff's emotional distress has been caused by Defendant's actions.

124. Plaintiff has suffered severe emotional damages as a result of Defendant's conduct..

WHEREFORE, the Plaintiff prays the Court that an Order issue requiring:

A. Defendant pay the Plaintiff money damages, interest, fees, attorney's costs.

B. Defendant pay the Plaintiff punitive damages, interest, and attorney's costs.

C. The court provide such other equitable relief as the court may deem appropriate.


**ELEVENTH CLAIM FOR RELIEF: Invalid VRIP waiver of rights - knowing**


125. The statements of the previous counts are hereby included as if set forth at length.


126. Waiver of rights by employees and former employees accepting Defendant's May 22, 1998 response VRIP is not valid to prevent said employees from obtaining relief from the herein action.


127. Said waiver was not knowing as required by 29 USC §626(f)(1).


128. Defendant did not inform of this action with the EEOC.


WHEREFORE, the Plaintiff prays the Court that:

A. An order issue holding that the waiver of rights by employees and former employees accepting Defendant's May 22, 1998 response VRIP is not valid to prevent said employees from obtaining relief from the herein action.

B. An Order issue requiring the recalculation of Plaintiffs' VRIP.

C. An Order issue requiring Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

D. Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

E. Defendant pay the Plaintiff punitive damages and interest.

F. The Court afford the relief provided by the Age Discrimination in Employment Act and the New Jersey Law Against Discrimination in the form of liquidated damages.

G. The court provide such other equitable relief as the court may deem appropriate.

**TWELFTH CLAIM FOR RELIEF: Invalid VRIP waiver of rights - lack of disclosure**

129.    The statements of the previous counts are hereby included as if set forth at length.

130.    Waiver of rights by employees and former employees accepting Defendant's May 22, 1998 response VRIP is not valid to prevent said employees from obtaining relief from the herein action

131.    Said waiver was not knowing as required by 29 USC §626(f)(1)(H).

WHEREFORE, the Plaintiff prays the Court that:

A. An order issue holding that the waiver of rights by employees and former employees accepting Defendant's May 22, 1998 response VRIP is not valid to prevent said employees from obtaining relief from the herein action.

B. An Order issue requiring the recalculation of Plaintiffs' VRIP.

C. An Order issue requiring Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

D. Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

E. Defendant pay the Plaintiff punitive damages and interest.

F. The Court afford the relief provided by the Age Discrimination in Employment Act and the New Jersey Law Against Discrimination in the form of liquidated damages.

G. The court provide such other equitable relief as the court may deem appropriate.

**THIRTEENTH CLAIM FOR RELIEF: Invalid VRIP waiver of rights - retaliation**

132. The statements of the previous counts are hereby included as if set forth at length.

133. Waiver of rights by employees and former employees accepting Defendant's May 22, 1998 response VRIP is not valid to prevent said employees from obtaining relief from the herein action.

134.    Said waiver is void as punitive in interfering with the protected right of an employee to file an age discrimination charge by requiring for bringing such suit "I will no longer be entitled to receive the benefits of VRIP" and "I will no longer be entitled to any benefits under the AT&T Medical Expense Plan for Retired Employees, the AT&T Group Life Insurance Plan or any other plan or Program of AT&T ..." and "I agree to also pay any Releasee all of their actual attorneys' fees and costs incurred in each such action ... regardless of the outcome" and "I agree ... I shall pay to AT&T as liquidated damages, and not as penalty, the sum of $25,000."

135.    Said waiver is void as punitive for the exercise of lawful rights under such statutes as 29 USC §626(f)(4).

WHEREFORE, the Plaintiff prays the Court that:

A.  An order issue holding that the waiver of rights by employees and former employees accepting  Defendant's May 22, 1998 response VRIP is not valid to prevent said employees from obtaining relief from the herein action.

B.  An Order issue requiring the recalculation of Plaintiffs' VRIP.

C.  An Order issue requiring Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

D.  Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

E.  Defendant pay the Plaintiff punitive damages and interest.

F. The Court afford the relief provided by the Age Discrimination in Employment Act and the New Jersey Law Against Discrimination in the form of liquidated damages.

G. The court provide such other equitable relief as the court may deem appropriate.

## FOURTEENTH CLAIM FOR RELIEF: Invalid VRIP waiver of rights - subterfuge

136. The statements of the previous counts are hereby included as if set forth at length.

137. Waiver of rights by employees and former employees accepting Defendant's May 22, 1998 response VRIP is not valid to prevent said employees from obtaining relief from the herein action.

138. Said waiver is void as being obtained as part of a subterfuge to avoid adding value to Plaintiff's pension in violation of Plaintiff's rights under the New Jersey Law Against Discrimination and the United States Age Discrimination in Employment Act of 1967 as amended.

WHEREFORE, the Plaintiff prays the Court that:

A. An order issue holding that the waiver of rights by employees and former employees accepting Defendant's May 22, 1998 response VRIP is not valid to prevent said employees from obtaining relief from the herein action.

B. An Order issue requiring the recalculation of Plaintiffs' VRIP.

C. An Order issue requiring Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

D. Defendant pay the Plaintiff money damages, interest, fees, and attorney's costs.

E. Defendant pay the Plaintiff punitive damages and interest.

F. The Court afford the relief provided by the Age Discrimination in Employment Act and the New Jersey Law Against Discrimination in the form of liquidated damages.

G. The court provide such other equitable relief as the court may deem appropriate.

**FIFTHTEENTH CLAIM FOR RELIEF: VRIP breach of contract**

139. The statements of the previous counts are hereby included as if set forth at length.

140. Defendant agreed to pay Plaintiff an amount under VRIP in exchange for Plaintiff to retire.

141. After acceptance by Plaintiff, Defendant unilaterally reduced the amount paid to higher compensated members of Plaintiff class.

142. Defendant breached contract with Plaintiff.

WHEREFORE, the Plaintiff prays the Court that:

A. An Order issue requiring Defendant to make Plaintiff whole under the contract.

B. An Order issue holding that Plaintiffs' initial Cash Balance Accounts funding by Defendant for the current pension plan has been a subterfuge for discriminatory purposes and is unlawful under ERISA.

C. An Order issue requiring Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

D. Defendant pay the Plaintiff money damages, interest, fees, attorney's costs.

E. Defendant pay the Plaintiff punitive damages, interest, fees, attorney's costs.

F. For such other equitable relief as the court may deem appropriate.

## SIXTEENTH CLAIM FOR RELIEF: ERISA - discriminatory purpose

143. The statements of the previous counts are hereby included as if set forth at length.

144. Defendant intentionally manipulated the terms of the pension plan to have a discriminatory effect.

145. Plaintiffs' initial Cash Balance Accounts funding by Defendant under the current pension plan has been a subterfuge for discriminatory purposes.

146. The pension plan is unlawful as a subterfuge for discriminatory purposes.

147.    Plaintiff's rights have been violated as enumerated in the previous counts.


148.    Plaintiff has rights to recover benefits due under the terms of the pension  plan, to

enforce rights under the terms of the plan, and to clarify rights to future benefits under

terms of the plan as provided by  the Employee Retirement Income Security Act of 1974

as amended (ERISA), 29 USC 1132(a)(1)(B).


WHEREFORE, the Plaintiff prays the Court that:

A.  An Order issue holding that Plaintiffs' initial Cash Balance Accounts funding by

    Defendant for the current pension plan has been a subterfuge for discriminatory

    purposes and is unlawful under ERISA.

B.  An Order issue requiring Defendant to calculate Plaintiff members' pension cash

    balance account value for all years of Plaintiffs' service according to the cash balance

    account methodology and average yearly prime interest rate as the interest factor.

C.  Defendant pay the Plaintiff money damages, interest, fees, attorney's costs.

D.  Defendant pay the Plaintiff punitive damages, interest, fees, attorney's costs.

E.  For such other equitable relief as the court may deem appropriate.



**SEVENTEENTH CLAIM FOR RELIEF: ERISA - avoidance of benefit payment**


149.    The statements of the previous counts are hereby included as if set forth at length.

150.    Defendant intentionally manipulated the terms of the pension plan to avoid payment of benefits.

151.    Plaintiffs' initial Cash Balance Accounts funding by Defendant under the current pension plan has been a scheme to avoid payment of benefits.

152.    The AT&T Management Pension Plan is not a bona fide employee benefit plan.

153.    Plaintiff's rights have been violated as enumerated in the previous counts.

154.    Plaintiff has rights to recover benefits due under the terms of the pension plan, to enforce rights under the terms of the plan, and to clarify rights to future benefits under terms of the plan as provided by the Employee Retirement Income Security Act of 1974 as amended (ERISA), 29 USC 1132(a)(1)(B).

WHEREFORE, the Plaintiff prays the Court that:

A.  An Order issue holding that Plaintiffs' initial Cash Balance Accounts funding by Defendant for the current pension plan has been a subterfuge for discriminatory purposes and is unlawful under ERISA.

B.  An Order issue requiring Defendant to calculate Plaintiff members' pension cash balance account value for all years of Plaintiffs' service according to the cash balance account methodology and average yearly prime interest rate as the interest factor.

C.  Defendant pay the Plaintiff money damages, interest, fees, attorney's costs.

D.  Defendant pay the Plaintiff punitive damages, interest, fees, attorney's costs.

E.  For such other equitable relief as the court may deem appropriate.

Submitted on behalf of the class.

Gerald J. Smit    8/5/98

I certify that the statements of this initial pleading are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment for contempt of court.

I am a representative of the class bringing the action herein.

The attorney for this action is Gerald J. Smit, who is also a member of the class.


_Warren J. McFall_
Warren J. McFall,   8-4-98

I certify that the statements of this initial pleading are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment for contempt of court.

I am a representative of the class bringing the action herein.

The attorney for this action is Gerald J. Smit, who is also a member of the class.


_Phillip C Engers_                  8/5/98

**Lippold, Roger**

| | |
|---|---|
| **From:** | Smit, Gerald J. |
| **Sent:** | Wednesday, August 05, 1998 7:27 AM |
| **To:** | Lippold, Roger |
| **Subject:** | pleading verification |

I certify that the statements of this initial pleading are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment for contempt of court.

I am a representative of the class bringing the action herein.

The attorney for this action is Gerald J. Smit, who is also a member of the class.

8-5-98

I certify that the statements of this initial pleading are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment for contempt of court.

I am a representative of the class bringing the action herein.

The attorney for this action is Gerald J. Smit, who is also a member of the class.

*Donald G. Noerr* August 5, 1998