**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
NICHOLAS H. POLITAN

JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING &
U.S. COURTHOUSE
50 WALNUT ST., ROOM 5076
P.O. BOX 999
NEWARK, N.J. 07101-0999

<u>**NOT FOR PUBLICATION**</u>

April 23, 1999

<u>LETTER OPINION</u>
<u>ORIGINAL ON FILE WITH CLERK OF THE COURT</u>

FILED
APR 23 1999
AT 8:30
WILLIAM T. WALSH
CLERK

Gerald J. Smit, Esq.
14 Sarah Court
Bridgewater, NJ 08807
 Attorney for Plaintiff

Christopher H. Mills, Esq.
Terrence J. Nolan, Esq.
COLLIER, JACOB & MILLS
580 Howard Ave.
Somerset, NJ 08873
 Attorneys for Defendants
 AT&T Corp. And
 The AT&T Management Pension Plan

> Re:  Management Employees of AT&T
>      v. AT&T and AT&T Management Pension Plan
>      <u>Civil Action No. 98-3660 (NHP)</u>

Dear Counsel:

This matter comes before the Court on defendants' motion for partial dismissal of plaintiff's Complaint. The Court heard oral argument on March 22, 1999. For the reasons explained below, defendants' motion is GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE.

**BACKGROUND**

The plaintiffs in this case are management level employees

of AT&T, and they bring this suit challenging recent changes made to the AT&T Management Pension Plan. The Complaint includes 17 separate counts, which purport to assert claims arising under ERISA, federal and state anti-discrimination laws, and contract law. Defendants move to dismiss the ERISA claims because the Complaint does not allege that plaintiffs have exhausted their administrative remedies. Defendants also move to dismiss the remaining counts--except for the federal age discrimination claims--because they are preempted by ERISA.

## DISCUSSION

This Court will dismiss a complaint pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

### I. ERISA Preemption

ERISA is a "comprehensive administrative statute" designed to promote the interests of employees and their beneficiaries in employee benefit plans. See Shaw v. Delta Airlines, Inc., 463 U.S. 85, 90 (1983). The statute's preemption clause, which the Supreme Court has described as "conspicuous for its breadth," Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138

way that disadvantaged older employees. These state-law claims obviously "relate to" an ERISA benefits plan, and they are therefore preempted.

### B. Counts 6-8: Age Discrimination

Counts Six through Eight allege claims of age discrimination in violation of the ADEA and the NJLAD. Plaintiffs seek an award of compensatory and punitive damages based upon the alternative theories of disparate treatment and disparate impact. Defendants move to dismiss these counts for failure to state a claim and for failure to exhaust administrative remedies.

Turning first to plaintiffs' federal claims, the ADEA requires claimants to exhaust administrative remedies prior to bringing suit in federal court. See 29 U.S.C. § 626(d). In this case, plaintiffs do not allege that they filed a timely charge of discrimination with the appropriate administrative agency. The federal claims must therefore be dismissed without prejudice.[1]

With regard to plaintiffs' LAD claims, they are preempted to

---

[1] To the extent that plaintiffs appear to allege a disparate impact theory of liability, the claims are dismissed with prejudice. See Hazen Paper v. Biggins, 507 U.S. 604, 617-18 (1993)(Kennedy, J., concurring)(expressing doubt about whether "disparate impact" is a viable theory of liability under the ADEA and noting that the Supreme Court has not yet addressed the issue); see also DiBiase v. SmithKline Beecham Group, 48 F.3d 719 (3d Cir.), 732 cert. denied, 516 U.S. 916 (1995)(noting that "in the wake of Hazen, it is doubtful that traditional disparate impact theory is a viable theory of liability under the ADEA").

4

the extent that they implicate rights or remedies not provided by the ADEA.  See Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983). That is, state-law claims are saved from preemption only to the extent that they fall within the ambit of section 514(d) of ERISA, 29 U.S.C. § 1144(d), which provides that "[n]othing in this title shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States . . . or any rule or regulation issued under any such law."  Both federal and state courts have therefore concluded that state anti-discrimination statutes are saved from preemption only if they are "necessary to the continued life of the federal program."  Nolan v. Otis Elevator Company, 102 N.J. 30, 41, cert. denied, 479 U.S. 820 (1986); see also Shaw, 463 U.S. at 108-09. Therefore, the question presented in this case is whether preemption would impair the ADEA.  See Nolan, 102 N.J. at 46.

In Nolan, the New Jersey Supreme Court held that an age discrimination claim must be brought within the statute of limitations established by the ADEA, regardless of whether the NJLAD provides for a longer prescriptive period.  The Court reasoned that the LAD's longer limitations period "does not further the goals of the ADEA so as to escape ERISA preemption." Id.  Following Nolan, this Court held that ERISA also preempts an unexhausted LAD claim if the analogous federal claim would be subject to dismissal for failure to exhaust administrative

5

remedies--because "to allow plaintiffs' NJLAD claim to survive preemption would be to permit plaintiffs to exercise rights to which they would not be entitled under federal law." Alston v. Atlantic Electric Company, 962 F. Supp. 616, 625 (D.N.J. 1997)(citing Nolan, 102 N.J. at 46).

In this case, the state and federal discrimination claims must be dismissed for failure to allege that the plaintiffs exhausted their administrative remedies. The punitive damages claims under the LAD are preempted because such damages are not "necessary to the continued life of the" ADEA. Nolan v. Otis Elevator Company, 102 N.J. 30, 41, cert. denied, 479 U.S. 820 (1986). Similarly, plaintiffs' "disparate impact" claims are preempted. See DiBiase v. SmithKline Beecham Group, 48 F.3d 719 (3d Cir.), 732 cert. denied, 516 U.S. 916 (1995).

C.  **Remaining Counts**

Count Ten alleges the tort of intentional infliction of emotional distress. This claim is preempted by ERISA because it relates to the AT&T Pension Plan.

Counts Eleven through Fifteen purport to assert causes of action arising out of AT&T's early retirement program, which allegedly required participating employees to sign a deficient release. Plaintiffs have cited no support--and this Court has found none--for the contention that such conduct, if proven,

6

creates an independent cause of action. See <u>Williams v. General Motors Corp.</u>, 901 F. Supp. 252 (E.D. Mich. 1995)(holding that invalid waiver does not create separate cause of action). These counts will therefore be dismissed with prejudice.

Counts Sixteen and Seventeen assert claims under ERISA which seek "to recover benefits due under the terms of the pension plan, to enforce rights under the terms of the plan, and to clarify rights to future benefits under terms of the plan as provided by [ERISA], 29 U.S.C. § 1132(a)(1)(B)." Complaint ¶¶ 148-54. Plaintiffs do not allege that they exhausted AT&T's administrative remedies before filing suit or why exhaustion would be futile. These counts will therefore be dismissed without prejudice.

## CONCLUSION

For the reasons explained above, defendants' motion to partially dismiss the Complaint is GRANTED. Counts One through Five and Counts Ten through Fifteen are dismissed with prejudice; the balance of the Complaint is dismissed without prejudice. Plaintiffs are granted 45 days within which to file an amended class action complaint consistent with this Letter Opinion and Federal Rule of Civil Procedure 23.

_____
NICHOLAS H. POLITAN
U.S.D.J.