**COLLIER, JACOB & MILLER**
A Professional Corporation
580 Howard Avenue
Somerset, New Jersey 08873
(732) 560-7100
Attorneys for Defendants
Attorney of Record: CHM9508

FILED JUL 26 2000 AT 8:30 M WILLIAM T. WALSH, CLERK

RECEIVED JUL 26 2000 AT 8:30 M WILLIAM T. WALSH CLERK

64

| | |
|---|---|
| PHILLIP C. ENGERS, WARREN J. MCFALL and DONALD G. NOERR, and GERALD SMIT individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T and AT&T MANAGEMENT PENSION PLAN,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 98-3660 (NHP)<br><br>**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

Defendants, AT&T Corp. (improperly denominated in the Second Amended Complaint as "AT&T") (hereinafter "AT&T"), a New York corporation maintaining offices at 295 North Maple Avenue, Basking Ridge, New Jersey, and the AT&T Management Pension Plan ("the Plan"), a defined benefit pension plan and employee welfare benefit plan that is administered by AT&T through the AT&T Employees' Benefit Committee, which maintains offices at One Speedwell Avenue, Morristown, New Jersey (hereinafter collectively "defendants"), by way of an answer to plaintiffs' Amended Class Action Complaint, say:

## AS TO THE ADDRESSES OF THE PARTIES

1. Defendants admit the allegations contained in paragraph 1.

2. Defendants admit the allegations contained in paragraph 2.

## AS TO JURISDICTION AND VENUE

3. Defendants neither admit nor deny the allegations contained in paragraph 3 as they state a legal conclusion to which no response is necessary.

4. Defendants neither admit nor deny the allegations contained in paragraph 4 as they state a legal conclusion to which no response is necessary.

## AS TO THE DEMAND FOR A JURY TRIAL

5. Defendants deny that plaintiffs are entitled to a trial by jury.

## AS TO THE PARTIES

6. Except to state that defendants' records indicate that plaintiffs' respective ages and addresses are as pled, defendants deny the allegations contained in paragraph 6.

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants neither admit nor deny the allegations contained in paragraph 8 as they state a legal conclusion to which no response is necessary.

9. Defendants neither admit nor deny the allegations contained in the first sentence of paragraph 9 as they state a legal conclusion to which no response is necessary. Except to state that the Plan is administered by AT&T through the AT&T Employees'

Benefit Committee, which maintains offices at One Speedwell Avenue, Morristown, New Jersey, defendants deny the second sentence of paragraph 9.

10. Defendants neither admit nor deny the allegations contained in paragraph 10 as they state a legal conclusion to which no response is necessary.

## AS TO THE CLASS ACTION ALLEGATIONS

11. Defendants neither admit nor deny the allegations contained in the first sentence of paragraph 11 as they state a legal conclusion to which no response is necessary. Defendants deny the second sentence of paragraph 11.

12. Defendants deny the allegations contained in paragraph 12 and further specifically deny that any individuals satisfy the class definition contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants neither admit nor deny the allegations contained in paragraph 15 as they state a legal conclusion to which no response is necessary.

## AS TO THE STATEMENT OF FACTS

16. Except to state that AT&T currently administers the Plan, and to refer the Court to the official Plan documents in response to the allegations concerning the contents thereof, defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17 of the Second Amended Complaint.

18. Except to state that on or about November 10, 1997, AT&T distributed to the Plan participants a document entitled "Your Cash Balance Account," and to refer to that document in response to the allegations concerning the contents thereof, defendants deny the allegations contained in paragraph 18.

19. Defendants admit the allegations contained in the first sentence of paragraph 19. Defendants deny the allegations contained in the second and third sentences of paragraph 19.

20. Defendants admit the allegations contained in the first and second sentences of paragraph 20. Defendants deny the allegations contained in the third sentence of paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Except to refer the Court to the document entitled "Your Cash Balance Account," which AT&T distributed to the Plan participants on or about November 10, 1997, in response to the allegations concerning the contents thereof, defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in the first sentence of paragraph 25. Defendants admit the allegations contained in the second sentence of paragraph 25. Except to refer the Court to the referenced November 1998 *Compensation and Benefits*

4

*Review* article in response to the allegations concerning the contents thereof, defendants deny the allegations contained in the third sentence of paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and, therefore, deny them.

### AS TO THE FIRST CLAIM FOR RELIEF

Defendants make no response to plaintiffs' First Claim for Relief inasmuch as this claim was dismissed by the Honorable Nicholas H. Politan, U.S.D.J., by order dated June 29, 2000; therefore no response is necessary as to the allegations contained in paragraphs 28 through 47 of the Second Amended Complaint.

### AS TO THE SECOND CLAIM FOR RELIEF

Defendants make no response to plaintiffs' Second Claim for Relief inasmuch as this claim was dismissed by the Honorable Nicholas H. Politan, U.S.D.J., by order dated June 29, 2000; therefore no response is necessary as to the allegations contained in paragraphs 48 through 57 of the Second Amended Complaint.

### AS TO THE THIRD CLAIM FOR RELIEF

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants neither admit nor deny the allegations contained in the first and fourth sentences of paragraph 60 as they state legal conclusions to which no response is