**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS
**NICHOLAS H. POLITAN**
DISTRICT JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST, ROOM 5076
P.O. BOX 999
NEWARK, N.J. 07101-0999

**NOT FOR PUBLICATION**

June 6, 2001

**THE ORIGINAL OF THIS LETTER OPINION
IS ON FILE WITH THE CLERK OF THE COURT**

Stephen R. Bruce, Esq.
805 15th St., NW
Suite 210
Washington, DC 20005

Edgar Pauk, Esq.
144 E. 44th St.
Suite 600
New York, NY 10017

Gerald J. Smit, Esq.
14 Sarah Court
Bridgewater, NJ 08807
 Attorneys for Plaintiffs

Christopher H. Mills, Esq.
Terrence J. Nolan, Esq.
David J. Treibman, Esq.
COLLIER, JACOB & MILLS
580 Howard Ave.
Somerset, NJ 08873
 Attorneys for Defendants
 AT&T Corp. and
 AT&T Management Pension Plan

    Re:  Phillip C. Engers, et al.
         v. AT&T Corp., et al.
        <u>Civil Action No. 98-3660 (NHP)</u>



1

Dear Counsel:

This matter comes before the Court on the motion of plaintiffs Phillip C. Engers, Warren J. McFall, Donald Noerr, and Gerald Smit (hereinafter "plaintiffs") for the certification of this case as a class action. The Court heard oral argument on January 23, 2001, during which it was brought to the Court's attention that the Court possibly may not have subject matter jurisdiction over the Third and Ninth Claims for Relief in the Second Amended Class Action Complaint. Upon review of the submissions of the parties, and for the reasons expressed herein, it is ordered that plaintiffs shall proffer evidence which would tend to counter the defendants' contention that none of the named plaintiffs will suffer a reduction in annual benefits commencing at age sixty-five by virtue of the Plan Amendment. The Court will also dismiss the Ninth Claim for Relief. Lastly, the Court will grant plaintiffs' motion to certify the class as to the remaining claims in the Second Amended Class Action Complaint.

## **DISCUSSION**

The circumstances surrounding this case are set forth in this Court's previous Letter Opinion dated June 29, 2000. Suffice it to say that defendants AT&T and AT&T Management Pension Plan (hereinafter "AT&T") have raised the issue of whether the Court possesses subject matter jurisdiction over the Third and Ninth Claims for Relief in the Second Amended Class

Action Complaint. The Court's findings are as follows.

## I. "Case or Controversy" and the Standing Requirement

Specifically, AT&T has argued that subject matter jurisdiction is lacking in this Court because the named plaintiffs in this action do not have standing to bring the causes of action asserted in the Third and Ninth Claims for Relief. At the outset, it must be explained that pursuant to Federal Rule of Civil Procedure 12(h)(3), a court may dismiss a case for lack of subject matter jurisdiction by motion of a party or <u>sua</u> <u>sponte</u>. Indeed, the Court is permitted, if not obliged, to inquire at any point in a case as to whether it has subject matter jurisdiction. See <u>Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 704 (1982); <u>Quern v. Mandley</u>, 436 U.S. 725, 730 n.3 (1978); <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 278 (1977); <u>Medlin v. Boeing Vertol Co.</u>, 620 F.2d 957, 960 (3d Cir. 1980).

Article III, § 2 of the Constitution confers subject matter jurisdiction upon federal district courts only where a "case or controversy" exists. The doctrine of standing implicates the "case or controversy" requirement and hence, where a plaintiff has no standing, it follows that a court does not possess subject matter jurisdiction.

The standing requirement includes three elements: (1) injury in fact to the plaintiff; (2) a causal connection between the

injury and the conduct of the defendant complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The plaintiff bears the burden of establishing the elements of standing. See id. at 561.

To establish an injury in fact, a plaintiff must demonstrate "an invasion of a legally protected interest which is . . . concrete and particularized . . . ." Lujan, 504 U.S. at 560 n. 1. A legally protected interest may be created where Congress confers substantive rights by statute upon the citizenry. See Linda R. S. v. Richard D., 410 U.S. 614, 617 n.3 (1973) ("Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute."). It is axiomatic that one must be protected by such a statute or, stated another way, possess rights under the statute, in order to have those rights violated in the first instance.

### A. Third Claim for Relief

In the Third Claim for Relief, plaintiffs allege that AT&T violated ERISA by implementing significant reductions in the rate of future accruals before adoption of the Plan amendments and without providing participants with notice of the Plan amendments as required by § 204(h) of ERISA. AT&T contends that § 204(h) confers no rights on the plaintiffs, and therefore the plaintiffs

4

do not have standing to assert the Third Claim for Relief.

Section 204(h) of ERISA provides as follows:

(h) Notice of significant reduction in benefit accruals

(1) A plan described in paragraph (2) may not be amended so as to provide for a significant reduction in the rate of future benefit accrual, unless, after adoption of the plan amendment and not less than 15 days before the effective date of the plan amendment, the plan administrator provides a written notice, setting forth the plan amendment and its effective date, to--
(A) each participant in the plan . . . .

29 U.S.C. § 1054(h).

Pursuant to 29 U.S.C. § 1135, the Secretary of the Treasury has the authority to issue regulations concerning § 204(h) of ERISA. The Secretary has defined a "significant reduction in the rate of future benefit accrual" to include only an amendment that "is reasonably expected to change the amount of the future annual benefit commencing at normal retirement age." See 60 Fed. Reg. at 64322, Q&A 5. The Secretary has also provided that the plan administrator "need not provide § 204(h) notice to any participant whose rate of future benefit accrual is reasonably expected not to be reduced by the amendment." See 60 Fed. Reg. at 64323, Q&A 9. Hence, a Plan participant is only entitled to § 204(h) notice if the Plan Amendment is reasonably expected to reduce the participant's annual benefit commencing at retirement age.

AT&T has submitted evidence which demonstrates that none of

5

the named plaintiffs will suffer a reduction in annual benefits commencing at age sixty-five by virtue of the Plan Amendment. See Certification of Kevin R. Armant, ¶ 18. This evidence also tends to show that at any point in time plaintiffs' "Accrued Benefit at Age 65" under the Cash Balance formula will always be greater than the "Accrued Benefit at Age 65" would have been under either the Special Update or the prior Plan formula. See Certification of Kevin R. Armant, Exhs. E-H.

Indeed, if this is the case, then the named plaintiffs would not fall under the scope of § 204(h) and thus would not be entitled to notification. As such, the named plaintiffs would not have standing to pursue a claim under § 204(h). Consequently, this Court directs plaintiffs to proffer evidence which would tend to counter the defendants' contention that none of the named plaintiffs will suffer a reduction in annual benefits commencing at age sixty-five by virtue of the Plan Amendment. Such a proffer would satisfy plaintiffs' burden of establishing that this Court possesses subject matter jurisdiction over the Third Claim for Relief.

### B. Ninth Claim for Relief

In the Ninth Claim for Relief, plaintiffs allege that AT&T violated § 4(i)(1)(A) of ADEA, 29 U.S.C. § 623(i)(1)(A), and § 204(b)(1)(H)(i) of ERISA, 29 U.S.C. § 1054(b)(1)(H)(i), because the Plan Amendment reduces the rate of accrual based on age.

AT&T argues that the named plaintiffs have no standing because § 4(i)(1)(A) of ADEA and § 204(b)(1)(H)(i) of ERISA only apply to employees who continue to work past the age of sixty-five.

Section 4(i)(1)(A) of ADEA prohibits an employer from establishing or maintaining "an employee pension benefit plan which requires or permits . . . the reduction of the rate of an employee's benefit accrual, because of age . . . ." 29 U.S.C. 623(i)(1)(A). Similarly, § 204(b)(1)(H)(i) of ERISA states that "a defined benefit plan shall be treated as not satisfying the requirements of this paragraph if, under the plan, an employee's benefit accrual is ceased, or the rate of an employee's benefit accrual is reduced, because of the attainment of any age." 29 U.S.C. § 1054(b)(1)(H)(i). The Internal Revenue Code at 26 U.S.C. § 411(b)(1)(H) contains the same language as the ERISA provision. These three provisions were passed as part of the Omnibus Budget Reconciliation Act of 1986 ("OBRA"), P.L. 99-509, 100 Stat. 1874, 1973-78. The House Senate Conference Committee report on these three provisions indicates that the conferees intended that the three provisions be interpreted in a consistent manner. See H.R. Conf. Rep. No. 1012, 99th Cong., 2d Sess. 378-79 (1986), reprinted in 1986 U.S.C.C.A.N. 3868, 4023-24.

Defendants direct the Court's attention to the recent case of Eaton v. Onan Corp., 117 F.Supp.2d 812 (S.D.Ind. 2000). In Eaton, the district court held that both § 4(i)(1)(A) of ADEA and

7

§ 204(b)(1)(H)(i) of ERISA apply only to employees who work beyond the normal retirement age of sixty-five. See 117 F.Supp.2d 812, 826 (S.D.Ind. 2000). Finding the language of the pertinent ADEA and ERISA provisions ambiguous, the Eaton court concluded that OBRA's legislative history convincingly proves that Congress intended the provisions at issue to apply only to those employees who work beyond the normal retirement age of sixty-five. See id. at 826-29.

This Court is inclined to agree with Judge Hamilton's well-reasoned opinion in Eaton. The language of the ADEA and ERISA provisions at issue is indeed ambiguous, as neither statute defines the pivotal statutory phrase: "rate of an employee's benefit accrual." It is generally understood that in the face of unclear statutory language, a court is to look to the legislative history of the statute. See Toibb v. Radloff, 501 U.S. 157, 161 (1991); United States v. Gregg, 226 F.3d 253, 257 (3d Cir. 2000). A court may also consider the headings of a statute as a guide in determining the meaning of the provision.[1] See Helen L. v. DiDario, 46 F.3d 325, 333 n.15 (3d Cir. 1995) (looking to heading of regulation in addition to legislative history to find intent

---

[1] The heading found in the Internal Revenue Code provision enacted by OBRA, 26 U.S.C. § 411(b)(1)(H), states "Continued accrual beyond normal retirement age." (emphasis added). This heading offers some guidance since Congress intended the ADEA, ERISA and Internal Revenue Code provisions in OBRA to be interpreted consistently.

8

of Congress).

In particular, it is clear to this Court that the legislative history of OBRA provides compelling evidence that Congress intended both ADEA and ERISA provisions at issue to apply only to those employees who continue to work after the normal retirement age of sixty-five. In other words, the ADEA and ERISA provisions at issue here were enacted to ensure that employees who choose to work past the age of normal retirement continue to accrue pension benefits.

The Conference Report demonstrates that Congress intended to protect the pension benefits of those employees who choose to continue to work after the age of sixty-five. See OBRA 1986 Conference Report at 378, *reprinted in* 1986 U.S.C.C.A.N. at 4023. For example, the Conference Report stated the following:

> Under the conference agreement, the rules preventing the reduction or cessation of benefit accruals on account of the attainment of age are not intended to apply in cases in which a plan satisfies the normal benefit accrual requirements for employees who have not attained normal retirement age.

OBRA 1986 Conference Report at 379, *reprinted in* 1986 U.S.C.C.A.N. at 4024 (emphasis added).

The statements of the bill's sponsors indicates the same intent. Senator Grassley explained the legislation as follows: "I am introducing legislation today that would amend the Age Discrimination in Employment Act (ADEA) and the Employee Retirement Income Security Act (ERISA) to require continued

9

pension benefit accruals for workers <u>who work past the normal retirement age of 65</u>." 131 Cong. Rec. 18868 (July 11, 1985) (emphasis added). Representative Jeffords (now Senator) made the following comments:

> The bill before us is also a pension bill which extends valuable pension accrual protections to older Americans <u>who work beyond normal retirement age</u>. It is important for this body to understand what this "Older Americans Pension Benefits" provision does and does not do. What it does is prevent a covered employee pension benefit plan from eliminating or reducing an employee's pension benefit accruals, because of the attainment of any age, <u>for the period of employment after the employee attains the normal retirement age under his or her plan</u>.

132 Cong. Rec. 32963 (Oct. 17, 1986) (emphasis added).

Representative Roukema offered the following remarks:

> The legislation amends current law to preclude the "attainment of any age" as a reason for eliminating or reducing pension benefits accruals <u>after normal retirement age</u>. Therefore, employees who want or need to continue working <u>beyond normal retirement age</u> will no longer be able to be treated adversely under their pension plans because of their age.

132 Cong. Rec. 32975 (Oct. 17, 1986) (emphasis added). And lastly, Representative Clay stated the bill would "make it clear that employee benefit plans may not reduce pension accruals or allocations on the basis of an employee's age. In short, these changes will assure that older Americans who work <u>beyond normal retirement age</u> continue to earn pension credits." 132 Cong. Rec. 32975 (Oct. 17, 1986) (emphasis added).

Consequently, since none of the named plaintiffs fall into this category - namely, employees who have reached the normal

retirement age of sixty-five – they are not protected by § 4(i)(1)(A) of ADEA or § 204(b)(1)(H)(i) of ERISA and thus do not have standing to pursue those claims. Indeed, it must be remembered that "[i]f none of the named plaintiffs purporting to represent a class meets the case or controversy requirement, none may seek relief on behalf of himself or any member of the class." O'Shea v. Littleton, 414 U.S. 488, 494 (1974). See also 3B J. Moore, FEDERAL PRACTICE, 23.10-1, n.8 (2d ed. 1971). The Court does not have subject matter jurisdiction over the Ninth Claim for Relief. Accordingly, the Court will dismiss the Ninth Claim for Relief contained in the Second Amended Class Action Complaint.

## II. Certification of the Class

The named plaintiffs have moved for certification of the class. Because the Ninth Claim for Relief has been dismissed, no ADEA claims remain in this case, and therefore no ADEA representative action must be considered. Only certification of the class as to the ERISA claims under Fed.R.Civ.P. 23 is necessary.

Upon review of the Second Amended Class Action Complaint and the submissions of the parties, it is the opinion of this Court that the named plaintiffs have satisfied the requisites of Fed.R.Civ.P. 23 for class certification with regards to the remaining claims in the Second Amended Class Action Complaint.

11

Therefore, the Court will certify the Second Amended Class Action Complaint pursuant to Fed.R.Civ.P. 23(c).  At this juncture, the remaining claims include the Third, Fourth, Fifth, Sixth, and Seventh Claims for relief in the Second Amended Class Action Complaint.  The Third Claim for Relief may be subject to decertification and dismissal depending upon whether plaintiffs proffer evidence which would tend to counter the defendants' contention that none of the named plaintiffs will suffer a reduction in annual benefits commencing at age sixty-five by virtue of the Plan Amendment.

## CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. Regarding the Third Claim for Relief, the named plaintiffs are ordered to proffer evidence which would tend to counter the defendants' contention that none of the named plaintiffs will suffer a reduction in annual benefits commencing at age sixty-five by virtue of the Plan Amendment. The Third Claim for Relief may be subject to decertification and dismissal depending upon the named plaintiffs' submissions;

2. The Ninth Claim for Relief is **DISMISSED**;

3. Plaintiffs' motion to certify the class is **GRANTED** as to the remaining claims. The remaining Claims contained in the Second Amended Class Action Complaint, to wit, the Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief, are hereby certified as a class action pursuant to Fed.R.Civ.P. 23.

_____
NICHOLAS H. POLITAN
U.S.D.J.