NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILLIP C. ENGERS, WARREN J. MCFALL, DONALD G. NOERR, and GERALD SMIT, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>AT&T and AT&T MANAGEMENT PENSION PLAN,<br><br>               Defendants. | 98-cv-3660 (WGB)<br><br>O P I N I O N |

**FILED**

JUL 10 2002

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

APPEARANCES:

Stephen R. Bruce, Esq.
805 15th Street, NW, Suite 210
Washington, DC 20005

Edgar Pauk
144 E. 44th Street, Suite 600
New York, New York 10017

**ENTERED**
ON
THE DOCKET

JUL 15 2002

WILLIAM T. WALSH CLERK
By_____
(Deputy Clerk)

Jonathan I. Nirenberg
DEUTSCH & RESNICK
One University Plaza, Suite 305
Hackensack, New Jersey 07601

    Attorneys for Plaintiffs

Christopher H. Mills
COLLIER, JACOB & MILLS, P.C.
Corporate Park III
580 Howard Avenue
Somerset, New Jersey 08873

    Attorneys for Defendants

1

BASSLER, DISTRICT JUDGE:

Plaintiffs are employees of AT&T who are challenging an amendment to the AT&T Management Pension Plan. This matter is before the Court on Plaintiffs' appeal of four discovery Orders entered by Magistrate Judge Ronald J. Hedges on October 3, 2001, November 30, 2001, December 17, 2001, and January 16, 2002.[1] The Orders constitute Magistrate Judge Hedges' rulings on whether certain documents generated by Defendants are protected by the attorney-client privilege. Although Magistrate Judge Hedges' found that some of the documents were not protected and therefore should be produced, he found that a number of others were privileged. Plaintiffs contend that the requested documents should all be produced because they fall under the "fiduciary exception" to the attorney-client privilege.

After reviewing Magistrate Judge Hedges' Orders and the papers submitted by the parties, the Court concludes that Magistrate Judge Hedges' decision was neither clearly erroneous nor contrary to law. Accordingly, Magistrate Judge Hedges' decision is **affirmed**.

---

[1] This case was originally assigned to Judge Nicholas H. Politan and Magistrate Judge Hedges. Upon Judge Politan's retirement, the case was reassigned to this Court. Although the return date for Plaintiffs' motion was March 11, 2002, the Court was still receiving papers from the litigants as late as June 24, 2002.

2

I.  LEGAL STANDARD

The standard of review of a magistrate judge's order is set forth at 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Rule 72(c)(1)(A) of the Local Rules of the United States District Court for the District of New Jersey. In reviewing a magistrate's decision, the Court shall "set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." L. Civ. R. 72(c)(1)(A); see 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see also Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992).

As interpreted by the Supreme Court, the clearly erroneous standard is met "when although there is evidence to support [a decision], the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. Gypsum Co., 333 U.S. 364, 395 (1948); accord Haines, 975 F.2d at 92.

II. BACKGROUND

This case involves a challenge to an amendment to the AT&T Management Pension Plan ("the Plan") adopted by the AT&T Board of Directors on April 16, 1997 and implemented in 1997 and 1998. Plaintiffs are AT&T employees who receive benefits from the Plan.

At the heart of this discovery dispute is Plaintiffs' request for 131 documents. In response to Plaintiffs' request, Defendants either withheld or redacted the documents on grounds

3

that they were protected by the attorney-client privilege.

To determine the validity of Defendants' claims of privilege, Magistrate Judge Hedges conducted four separate *in camera* reviews of the documents. In Orders filed October 3, 2001, November 30, 2001, December 17, 2001, and January 16, 2002, Magistrate Judge Hedges ordered that some of the documents be produced, that some be withheld, and that still others be redacted before being produced.

Plaintiffs maintain that *all* of the documents should have been produced because the fiduciary exception to the attorney-client privilege applies in each case. Plaintiffs claim that, as beneficiaries of the Plan, they were the actual, intended recipients of any legal advice received by AT&T and thus should be allowed to review any documents containing such legal advice. Furthermore, Plaintiffs contend that AT&T paid for some of the legal advice out of the Plan's fund, demonstrating that the advice was solicited on behalf of Plaintiffs. Although Magistrate Judge Hedges applied the fiduciary exception to two documents and ordered their production, the Judge summarily rejected the argument on a number of other occasions.

Plaintiffs also claim that none of the communications to Kenneth C. Morgan, Esq. should be protected by the attorney-client privilege because Mr. Morgan is not a member of the New Jersey bar.

4

cannot accept further evidence that was not in the record below. For this reason, the Court will not consider Byrnes' deposition for purposes of this appeal.

B.   Fiduciary Exception

Having disposed of the issue regarding Byrnes' deposition, the Court will now evaluate Plaintiffs' main contention. At issue is whether the fiduciary exception applies to documents which AT&T claims are privileged. After four *in camera* reviews held by Magistrate Judge Hedges, the Magistrate sustained the attorney-client privilege as to fifty-six documents.

The "fiduciary exception" to the attorney-client privilege limits claims of privilege in the context of trusts in order to further the relationship between a plan fiduciary and its beneficiaries. An employer acting as an ERISA fiduciary is required to provide "full and accurate information to the plan beneficiaries regarding the administration of the plan." In re Long Island Lighting Co., 129 F.3d 268, 271 (2d Cir. 1997); see also United States v. Mett, 178 F.3d 1058, 1063 (9th Cir. 1999). In other words, the employer may not assert the attorney-client privilege where documents relate to plan administration. See Long Island Lighting, 129 F.3d at 272. However, where the employer seeks legal counsel regarding "plan design" - e.g., forming, amending, or terminating an employee benefit plan - the employer is not acting as a fiduciary. Lockheed Corp. v. Spink, 517 U.S. 882, 890 (1996). Plan design is deemed a "settlor"

function, and any communication between an attorney and an employer regarding plan design is not subject to the fiduciary exception and is thus privileged. <u>Everett v. USAir Group, Inc.</u>, 165 F.R.D. 1, 4 (D.D.C. 1995).

In both their moving brief and their reply brief, Plaintiffs contend that the Magistrate's ruling was contrary to law because he failed to articulate his reasons for not applying the fiduciary exception to all of Defendants' documents.[2] Plaintiffs, however, provide the Court with no precedent suggesting that a magistrate judge must make specific findings when ruling on a claim of attorney-client privilege. In fact, <u>Heintz Corp. v. Judson</u>, No. Civ. A. 94-6916, 1995 WL 649331, at *7-8 (E.D. Pa. Nov. 3, 1995) states that a magistrate judge is *not* required to make specific findings when exercising a 28 U.S.C. ¶ 636(b)(1)(A) function.

Standing alone, the mere fact that Magistrate Judge Hedges did not explain his ruling does not mean that his ruling was contrary to law. From the record as stated by both parties, Magistrate Judge Hedges meticulously reviewed each claim of attorney-client privilege. Beyond requiring the Defendants to submit detailed descriptions of each document withheld, the Magistrate also viewed each document *in camera* and made his own

---

[2] The Court notes that Defendants object to the submission of a reply brief by Plaintiffs. Neither Fed. R. Civ. P. 72(a) nor L. Civ. R. 72.1(c) contemplate a reply brief. See <u>General Motors Corp. v. Johnson Matthey, Inc.</u>, 887 F. Supp. 1240, 1243 (E.D. Wisc. 1995). Nonetheless, the Court will allow Plaintiffs' reply brief in this case because, even considering the arguments contained therein, the Court still finds in favor of Defendants.

7

determination of whether the privilege was applicable. Under these facts, considering Plaintiffs have not persuaded the Court otherwise, there is no reason to believe that Magistrate Judge Hedges did not apply the correct legal standard. Thus, absent evidence that Magistrate Judge Hedges failed to apply the correct legal standard, Plaintiffs must demonstrate that his application of the fiduciary exception was clearly erroneous.

Upon *in camera* review of the withheld documents, the Magistrate concluded that while two documents had to be produced under the fiduciary exception, fifty-six others fell under the attorney-client privilege. Plaintiffs argue that the Magistrate's decision to uphold Defendants' privilege claim as to those fifty-six documents was incorrect. Plaintiffs claim that AT&T paid for legal advice from ASA with trust assets, and, therefore, ASA's actual clients were the beneficiaries of the Management Pension Plan (i.e., Plaintiffs). (Pl. Br. at 6.)

To corroborate this claim, Plaintiffs offer two spreadsheets that note payments to ASA with funds from the AT&T Master Pension Trust. (See Pl. Br., Exh. 1 at ATTENG 007418-19.) Defendants argue these documents are improperly before the Court because Magistrate Judge Hedges did not view them before his ruling. See Anders, 1995 WL 785109 at *1; Haines, 975 F.2d at 91. The Court agrees. For the same reasons the Byrnes deposition was not considered, the Court will not consider these spreadsheets.

8

Even if the Court were to consider the spreadsheets, however, they do not conclusively establish that AT&T paid for legal advice in its role as "settlor" with trust funds. The spreadsheets are not on AT&T letterhead. No evidence has been submitted as to who prepared them. Moreover, they do not explicitly link the advice sought by AT&T with the trust's funds.

Because the Plaintiffs have failed to submit any evidence to establish that the Magistrate's decision was clearly erroneous, the Court will uphold Magistrate Judge Hedges' rulings on Defendants' claims of attorney-client privilege.

C.  In-House Counsel Kenneth Morgan, Esq.

In a final effort to force production of the withheld documents, Plaintiffs claim that Defendants cannot assert the attorney-client privilege because the attorney at issue (Kenneth C. Morgan, Esq.) was not licensed to practice in New Jersey. In making this argument, Plaintiffs rely heavily on a 1975 opinion issued by the New Jersey Supreme Court Committee, which states that a corporate attorney is not engaged in unauthorized practice of law as long as he is employed solely by his employer and confines his legal activities to the employer's business. (See Pl. Reply Br. at 9; Def. Br., Exh. I.) The Court, however, is not bound by an old New Jersey Supreme Court advisory opinion; rather, the Court will look to Third Circuit law to decide this issue.

9

The Third Circuit has enumerated the traditional elements of the attorney-client privilege. The Circuit's definition of the privilege does not require the person to whom the communication was made be a member of a particular bar, only that he be a member of the bar of a court. See Montgomery County v. Microvete Corp., 175 F. 3d 295, 301 (3d Cir. 1999); Harding v. Dana Transp., Inc., 914 F. Supp. 1084, 1090 (D.N.J. 1996). As long as the attorney is acting as a lawyer, any communications made to that attorney may be protected. See id. In this case, Plaintiffs do not deny that Mr. Morgan was acting within his capacity as a lawyer. Thus, communications made to Mr. Morgan may be protected by the attorney-client privilege.

IV. CONCLUSION

For the foregoing reasons, Magistrate Judge Hedges' Orders filed October 3, 2001, November 30, 2001, December 17, 2001, and January 16, 2002, partially granting Defendants' claim of the attorney-client privilege are hereby **affirmed**.

An appropriate Order follows.

WILLIAM G. BASSLER, U.S.D.J.

Dated: July 10, 2002