179

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILLIP C. ENGERS, et al., Plaintiffs, v. AT&T and AT&T MANAGEMENT PENSION PLAN, Defendants. | Civil Action No.: 98-3660 (JLL) **OPINION & ORDER** |

FILED
DEC 4 2003
AT 8:30 ____M
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

STEPHEN R. BRUCE
JONATHAN NIRENBERG
Deutsch Resnick.
One University Plaza
Suite 305
Hackensack, NJ 07601

GERALD SMIT
14 Sarah Court
Bridgewater, NJ 08807
(Attorneys for Plaintiffs)

ENTERED ON THE DOCKET
DEC 9 2003
WILLIAM T. WALSH, CLERK
By ____ (Deputy Clerk)

CHRISTOPHER H. MILLS
DAVID J. TREIBMAN
PATRICIA S. ROBINSON
Collier, Jacob & Mills, P.C.
Corporate Park III
580 Howard Avenue
Somerset, NJ 08873
(Attorneys for Defendants)

This matter comes before the Court on the motion of Defendants AT&T and AT&T Management Pension Plan (hereinafter collectively referred to as "Defendants") to strike portions of Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(f). The motion is resolved without oral argument. Fed.R.Civ.P. 78. For the reasons stated herein, Defendants' motion is GRANTED in part and DENIED in part.

**I. Factual Background**

Plaintiffs filed this class action suit on behalf of certain AT&T management employees who were participants in AT&T's Management Pension Plan (the "Plan"). Plaintiffs alleged that changes to the AT&T Management Pension Plan violate the rights of Plan members as protected by the Employee Retirement Income Security Act of 1974 (ERISA) and the Age Discrimination in Employment Act of 1967 (ADEA). On November 29, 2001, Plaintiffs filed their Third Amended Complaint, consisting of twelve Claims as well as separate Prayers for Relief for both the ADEA and ERISA claims. The Third Amended Complaint also incorporated a new "Statement of Additional Facts" in paragraphs 75 through 82. On October 17, 2002, upon Defendants' motion, the Honorable Judge William G. Bassler dismissed Claims One, Two, Eight, Nine, Ten, Eleven and Twelve. Plaintiffs' motion for re-argument of the partial dismissal was denied by letter order on December 2, 2002. As a result of this dismissal, Plaintiffs' presently-remaining claims are Claim Three (inadequate notice under ERISA Section 204(h)), Claim Four (failure to maintain a written plan under ERISA Section 402), Claim Five (breach of fiduciary duty under ERISA Section 404), Claim Six (misleading description of plan) and Claim

Seven (breach of fiduciary duty to inform beneficiaries).

Presently before the Court is Defendants' January 13, 2003 motion to strike various portions of Plaintiffs' Third Amended Complaint. In this motion, Defendants argue that the "Statement of Additional Facts," Paragraphs 75 through 82, should be stricken under Federal Rule of Civil Procedure 12(f) because the information has no relation to the remaining claims. Defendant also claims that the Prayer for Relief on the ADEA claims should be stricken inasmuch as all claims arising under it have been dismissed. Finally, Defendants allege that Paragraphs C, D and E of the Prayer for Relief on the ERISA claims should be stricken as they are immaterial and irrelevant to the remaining claims.

**II. Legal Framework**

Federal Rule of Civil Procedure 12(f) states that "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike "is to save time and expense through the excision of matter from the pleading that will not affect the outcome of the case." Bristol-Myers Squibb Co. v. Ivax Corp., 77 F. Supp. 2d 606, 619 (D.N.J. 2000) (citing Glenside West Corp. v. Exxon Co., U.S.A., 761 F.Supp. 1100, 1114-15 (D.N.J.1991)). Although a court possesses discretion in disposing of a motion to strike under Rule 12(f), motions to strike are "not favored and usually will be denied unless the allegations have *no possible relation* to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Garlanger v. Verbeke, 223 F. Supp.2d 596, 609 (D.N.J. 2002) (citing Tonka Corp. v. Rose Art Industries, Inc., 836 F. Supp. 200, 217

(D.N.J. 1993) (emphasis added)). See also Randolph Laboratories v. Specialties Development Corp., 62 F. Supp. 897, 900 (D.N.J. 1945) ("Where no harm will come to the defendant, the courts generally are very cautious about disturbing the pleading unless it can clearly be seen that the allegations can have no possible bearing upon the subject matter of the litigation."). The remedy will generally be granted only when the defect is plain, for where there is a semblance of a cause of action or defense set up in the pleading, its sufficiency cannot be determined on a motion to strike. See generally, 61A AM. JUR. 2D. Pleading § 495 (2003).

As Defendants also seek to strike portions of the Prayer for Relief, it is also important to note that Federal Rule 12(f) allows for "striking any part of the prayer for relief when the relief sought is not recoverable as a matter of law." Rosales v. Citibank, 133 F. Supp.2d 1177, 1180 (N.D. Cal. 2001). See also Spinks v. City of St. Louis Water Div., 176 F.R.D. 572, 574 (E.D. Mo. 1997) (A "prayer for relief not available under the applicable law . . . is properly subject to a motion to strike."); Ahmad .v Independent Order of Foresters, 81 F.R.D. 722, 729-30 (E.D. Pa. 1979), aff'd mem., 707 F.2d 1399 (3d Cir. 1983) (striking plaintiff's prayer for punitive damages because such damages are unavailable in Title VII actions). With this statutory framework in mind, this Court will now turn to the merits of Defendants' claims.

## III. Discussion

### A. Statement of Additional Facts

Defendants contend that the information contained within the "Statement of Additional Facts," Paragraphs 75-82, must be stricken because they relate to now-dismissed claims and retaining them will only further prolong the discovery process. Defendants claim that these

unrelated allegations should be stricken as " immaterial" and "impertinent" under Federal Rule of Civil Procedure 12(f).

Paragraphs 75 and 76 state that the AT&T Management Pension Plan was amended on October 16, 2000 to include Cash Balance Accounts and related provisions that contained rules not found in the preceding plan. Paragraph 77 contains allegations relating to the age of retirement under the Plan and the percentage of AT&T employees who retire at age 65. Paragraphs 78 and 79 discuss how benefits are derived from a participant's Cash Balance Account under the Plan as amended. Paragraph 80 includes information on pay base formulas under the Plan as amended. Paragraphs 81 and 82 describe the Plan's obligation to pay benefits.

This Court disagrees with Defendants' assessment of the irrelevancy of these statements, and accordingly denies the motion to strike this information. The supplementary information concerning the date of Plan amendments may be germane to Plaintiffs' yet unresolved Third Claim that AT&T had not adopted actual Plan amendments containing the cash balance feature and transition provisions prior to a certain date. The same information is also relevant to Plaintiffs' allegations in their Third Claim of an ERISA violation under § 204(h) by implementing reductions "before adoption of the actual amendments." In addition, these Paragraphs tend to support the outstanding Fourth and Fifth Claims which allege that Defendants violated ERISA § 402 "by implementing the 'new' cash balance formula [beginning in January 1998] without a written Plan document." An examination of the dates in which the written Plan document was amended and its details, as set forth in the Statement of Additional Facts, can help a trier of fact determine whether these allegations are accurate. The additional facts are also pertinent to the pending Sixth and Seventh Claims which allege that Defendants violated ERISA

§ 102 by not disclosing features in its Summary Plan Description that "cause older participants to earn no additional benefits beyond those already earned." These paragraphs could clearly show that Defendant did not disclose features "in a manner calculated to be understood by the average plan participant" as alleged in the Sixth Claim.

In light of the numerous ways in which this information may be relevant, it would be improper to find that the factual allegations stated within Paragraphs 75-82 of Plaintiffs' Third Amended Complaint "have no possible relation to the controversy" as required to strike under Federal Rule 12(f). It may very well turn out that the information included within the Statement of Additional Facts is not essential to the case. However, an evaluation of its importance is more appropriately determined at trial. This Court rules only that this information may be relevant and thus, the drastic remedy of striking the information from the pleadings under Federal Rule of Civil Procedure 12(f) is inappropriate here. Defendants' motion to strike the Statement of Additional Facts is therefore denied.

**B. Prayer for Relief on ADEA Claims and Prayer for Relief, Paragraphs C, D, and E, on ERISA Claims**

Defendants allege that the Prayer for Relief under ADEA should be stricken as the ADEA claims have been dismissed and thus no legal basis exists to afford Plaintiffs such relief. Moreover, Defendants argue that Paragraphs C, D, and E of Prayer for Relief on ERISA should be stricken as they relate to dismissed claims.

It is clear to this Court that the Prayer for Relief under ADEA should be stricken under Federal Rule 12(f). All of the ADEA claims have been dismissed and there is no possibility therefore of obtaining relief under this statute. As the relief requested is no longer available, the

ADEA Prayer for Relief bears no possible relation to the dispute as it now stands, and should be stricken accordingly. Paragraph C of the ERISA Prayer for Relief asks the Court to declare that AT&T's transition provision for contingent payments of the Cash Balance Accounts violates the prohibition on interfering with benefits under § 510 of ERISA. This paragraph is directly founded upon Claim Eight of the Third Amended Complaint, a claim which was dismissed in the Court's October 17, 2002 Order. No other claims relate to this portion of the Prayer for Relief. Paragraph C of the Prayer for Relief should consequently be stricken as it is now irrelevant to this matter. Paragraph D of the ERISA Prayer for Relief demands relief for the Plan's violation of the non-forfeitability standards in ERISA Section 203(a) and Section 204(c)(3), and violation of the prohibitions in ERISA Section 204(g) and 204(b)(1)(H)(i) against reductions in certain benefits. The relief is wholly based on Claims Nine, Ten, Eleven and Twelve, all of which have been dismissed by the Court. As such, there is no legal basis for the demands contained in paragraph D of the Prayer and it should also be stricken.

Finally, Paragraph E of the Prayer asks the Court to order that, if AT&T is later required to change its cash balance features, "there must be no reductions in protected accrued benefits, no age-based decreases in rates of accruals, and receipt of the cash balance plan's annual pay credits and interest may not be contingent on the participant's previous accumulated benefits." Defendants argue that Paragraph E should be stricken given that Plaintiffs are seeking to obtain relief for violations that have not and are not demonstrably likely to occur. Because Plaintiffs injury is allegedly only "conjectural," Defendants, relying on Los Angeles v. Lyons 461 U.S. 95, 101-02 (1983), claim that Plaintiffs cannot obtain relief in the federal courts.

At the outset, this Court disagrees that Plaintiffs' injury is merely hypothetical. Plaintiffs

have certainly set forth claims of violations under ERISA which if proven at trial, would amount to an actual injury.[1] Defendants have set forth no cases supporting their assertion that the type of claims set forth by Plaintiffs or the particular relief requested under Paragraph E should not be deemed a valid cognizable injury. As such, this Court will not strike this portion of the Prayer for Relief as a matter of law when the possibility remains that such relief could be granted on the remaining ERISA claims. It is simply premature to state that no such injury is possible based only on the pleadings and the unfinished discovery. See, e.g., Burrell v. State Farm and Cas. Co., 226 F. Supp.2d. 427, 440 (S.D.N.Y. 2002) (noting the untimeliness of striking claims for relief before the underlying claims have been decided). Plaintiffs should be permitted to pursue their claims without being precluded at such an early stage from obtaining a potentially-valid form of relief. Moreover, as Paragraph E only applies if Defendants are required to change the Plan, its retention in the Complaint imposes no undue additional burden on Defendants until that time. In light of the high showing required before pleadings are stricken under Federal Rule 12(f), and the potential relevancy of Paragraph E to this case, this Court denies Defendants' motion to strike this portion of the ERISA Prayer for Relief.

---

[1]It seems that Defendants are to some degree conflating two notions: that Plaintiffs' *injury itself* is merely conjectural and not real and immediate, which would prevent them from obtaining standing to sue, as compared to the *likelihood* of Plaintiffs' recovery for their injury, the latter of which Defendants argue is conjectural. The first of these two concepts is the notion addressed by the Lyons case cited by Defendants as well as other such cases that consider a plaintiff's standing to sue. This issue is not implicated under the facts of this case as the injury claimed is clearly a valid one. Defendants' objections under Paragraph E of the Prayer for Relief appears to stem from the second notion – that because recovery is extremely unlikely and conditionally based on other circumstances, it is thereby "conjectural" that Plaintiffs will recover the relief requested. The likelihood of Plaintiff's recovery need not be addressed in the current procedural posture and is better left for trial or a later disposition on the merits.

**Conclusion**

This Court therefore GRANTS Defendants' motion in part and DENIES Defendants' motion in part. For the reasons set forth, it is on his 4th day of December, 2003, hereby:

ORDERED that the portion of Defendants' motion seeking to strike Paragraphs 75-82 of Plaintiffs' Statement of Additional Facts in the Third Amended Complaint is hereby DENIED; and it is

FURTHER ORDERED that the portion of Defendants' motion seeking to strike Plaintiffs' Prayer for Relief under the ADEA is GRANTED; and it is

FURTHER ORDERED that portion of Defendants' motion seeking to strike Paragraph C of Plaintiffs' Prayer for Relief under ERISA is GRANTED; and it is

FURTHER ORDERED that portion of Defendants' motion seeking to strike Paragraph D of Plaintiffs' Prayer for Relief under ERISA is GRANTED; and it is

FURTHER ORDERED that portion of Defendants' motion seeking to strike Paragraph E of Plaintiffs' Prayer for Relief under ERISA is DENIED.

DATED: December 4th, 2003

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE