UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

September 16, 2005

## LETTER-OPINION & ORDER

Neil H. Deutsch
Jonathan I. Nirenberg
Deutsch Resnick, PA
One University Plaza
Suite 305
Hackensack, NJ 07601

Christopher H. Mills
Fisher & Phillips, LLP
Corporate Park III
580 Howard Avenue
Somerset, NJ 08873

      Re:    **Engers, et al. v. AT&T, et al.**
              **Civil Action No.: 98-CV-3660 (JLL)**

Dear Counsel:

### Introduction

This matter is before the Court on plaintiffs' Rule 72.1(c)(2) objection to Judge Hedges' Order denying modification of the class definition. The Court has considered all submissions. There was no oral argument. See Fed. R. Civ. P. 78.

### Background

On November 17, 2004, Judge Hedges denied plaintiffs' motion to amend the class definition, set forth in the Court's Order dated November 19, 2001, to remove the proviso that a class member must be "currently over age forty." (Hedges, J., Order of 11/17/04 ¶ 2.)

Plaintiffs appeal the Order under Local Civil Rule 72.1(c)(2). They argue that defendants originally agreed in principle to remove the age-forty limitation, that the current definition is under-inclusive and ambiguous, that Judge Hedges failed to submit his findings in accordance with Rule 72.1(a)(2), and that changed factual circumstances warrant amendment.


**Discussion**

Preliminarily, the Court addresses the proper standard of review. The relevant statute, 28 U.S.C. § 636, provides that a magistrate judge ruling on "a motion ... to dismiss or to permit maintenance of a class action" is, upon objection by the losing party, reviewable de novo. See § 636(b)(1)(A)-(C). Plaintiffs' motion to amend this Court's November 2001 Order to redefine the class can be characterized as a motion under Federal Rule of Civil Procedure 23(c)(1)(C). Consequently, the Court is satisfied that Judge Hedges' Order of November 17, 2004 concerned "maintenance of a class action," and it will review the Order de novo.

Under Rule 23(c)(1)(C), the Court may amend its previous order certifying a class "if, upon fuller development of the facts, the original determination appears unsound." Fed. R. Civ. P. 23(c)(1), advisory committee's note to 1966 amend.; accord Zenith Labs., Inc. v. Carter-Wallace, Inc., 530 F.2d 508, 512 (3d Cir. 1976). The Court is "obliged to take cognizance of a changed factual situation ... ." Zenith, 530 F.2d at 512.

In support of their motion, plaintiffs purport to identify two such changes: first, the Court's dismissal of the last age discrimination claim on June 6, 2001, supposedly rendering the age-forty limitation arbitrary; and second, the confusion over the meaning of the word "currently" that has allegedly surfaced since the class was certified. The Court deems neither of these sufficient.

With respect to the Court's dismissal of the age discrimination claims, that dismissal was effectuated in the very same order that certified the class. Indeed, the Court did not explicitly define the class until November 19, 2001, more than five months after its dismissal of the age discrimination claims, when it set forth the class definition in a formal order. Therefore, the supposedly changed circumstance of dismissal occurred, at the earliest, concurrently with certification of the class, and arguably even before the class was certified. Clearly, then, dismissal of the age discrimination claims more than three years ago does not constitute a "changed factual circumstance."

With respect to alleged confusion over the word "currently," the Court deems this irrelevant. The proper remedy for class members confused by class definitions is an explanation from counsel, not a vast expansion of the class through elimination of words that may or may not be confusing to laymen. This confusion – the existence of which, incidentally, is supported only by an e-mail from one putative class member – cannot fairly be characterized as a change in circumstances.

Putting aside plaintiffs' failed assertions of changed factual circumstances, the Court has reviewed the record and finds no basis for amending its class definition pursuant to Rule 23(c)(1)(C). Neither in their original moving brief nor in their instant motion do plaintiffs address the prerequisites for certification set forth in Rule 23(a). The arguments they do advance, set forth above, have little or no bearing on class certification. It is indisputable that

removing the age-forty limitation will expand the class, thereby creating issues concerning, at a minimum, adequate representation and the need to reopen discovery.[1]  In the absence of even an attempt by plaintiffs to demonstrate that Rule 23(a)'s requirements would be met were the class expanded, the Court will not redefine the class.  This is especially so considering plaintiffs' inexplicable failure to raise this issue, of which they have been aware for several years, until this action reached the heart of its summary judgment phase.  See Sobel v. Yeshiva Univ., 85 F.R.D. 322, 325 (S.D.N.Y. 1980).

## Conclusion

For the reasons set forth above, plaintiffs' motion [234] to vacate Judge Hedges' Order denying modification of the class definition is DENIED.

SO ORDERED.

/s/ Jose L. Linares
United States District Judge

---

[1] Judge Hedges, who is more intimately familiar with the discovery issues in this case than is the Court, apparently believed that expanding the class would require more discovery.  (See Tr. of 11/8/04 Hr'g at 9:12-11:7.)