NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILLIP C. ENGERS, WARREN J. McFALL, DONALD G. NOERR & GERALD SMIT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>AT&T CORPORATION and the AT&T MANAGEMENT PENSION PLAN,<br><br>    Defendants. | Civil Action No.: 98-3660 (JLL)<br><br>OPINION |

**LINARES,** District Judge.

This matter comes before the Court on the motion of Plaintiffs Phillip C. Engers, Warren J. McFall, Donald G. Noerr & Gerald Smit ("Plaintiffs") for reconsideration of this Court's Opinion and Order dated March 31, 2006 (the "Opinion and Order") and the motion of Defendants AT&T Corporation and the AT&T Management Pension Plan (collectively "Defendants") for clarification of the Opinion and Order. The Court has considered all submissions in support and in opposition to these motions. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Plaintiffs' motion is denied and Defendants' motion is granted.

## BACKGROUND

This Court's Opinion and Order addressed motions for summary judgment filed by Plaintiffs and Defendants, respectively. Plaintiffs had moved for summary judgment as to

1

Counts Three, Four, Five, Six, Seven, Ten and Twelve of the Fourth Amended Complaint. Defendants moved for summary judgment as to Counts Three, Four, Five, Six, and Seven. The Court denied Plaintiffs' motion without prejudice to the extent that it related to Counts Ten and Twelve since the Court determined that these claims were not properly part of the Fourth Amended Complaint at the time the motion was filed.

Turning to the remaining counts, the Court denied Plaintiffs' motion and granted Defendants' motion as to Count Three and dismissed such claim with prejudice. (Op. at 11). The Court also denied Plaintiffs' motion and granted Defendants' motion as to Count Four and Five and dismissed these claims without prejudice to be re-filed after exhaustion of administrative remedies. (Op. at 27). Finally, the Court denied summary judgment to Plaintiffs and granted same to Defendants with respect to Counts Six and Seven. The Court dismissed Count Seven with prejudice and dismissed Count Six without stating whether such dismissal was with, or without, prejudice. (Op. at 50). The Opinion, at page 2, and the accompanying Order both stated however, that Defendants' motion was granted in part and denied in part.

## LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 7.1(i). This Rule provides, in relevant part:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L. Civ. R. 7.1(i). Prior to reaching the merits of a motion for reconsideration, the court must

2

determine whether the arguments are appropriately raised under the Local Rule. Holten v. Chevron, U.S.A., 2002 U.S. Dist. LEXIS 10151, *4 (D.N.J. May 20, 2002). "The motion may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." Id. (citing Student Pub. Interest Research Group of N.J. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989)). Relief by way of motion for reargument is "an extraordinary remedy" that is to be granted "very sparingly." Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 608 (D.N.J. 2003); Sagaral v. Mountainside Hosp., 2001 U.S. Dist. LEXIS 6872, *3 (D.N.J. Mar. 27, 2001); NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Only in circumstances "where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion." Bowers v. N.C.A.A., 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

The purpose of a motion for reargument is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998). The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); NL Indus., 935 F. Supp. at 516; 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d., § 2810.1 (1995). Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process,

S.C. ex rel. C.C. v. Deptford Township Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

## DISCUSSION

### A. Plaintiffs' Motion for Reconsideration

Plaintiffs move for reconsideration of this Court's Opinion and Order with respect to the Third, Sixth and Seventh counts of the Fourth Amended Complaint on the basis that this Court overlooked dispositive factual matters and controlling law. (Pl. Br. at 1). Alternatively, Plaintiffs request that the Court clarify the basis for certain of its decisions. (Pl. Br. at 2).

#### 1. Count Three

With respect to Count Three, Plaintiffs contend that the Court misread exhibits attached to a July 2001 Affidavit ("Poulin Affidavit") of Plaintiffs' expert Claude Poulin ("Poulin") when reaching its decision to grant summary judgment to Defendants and dismiss Count Three. (Pl. Br. at 2). Plaintiffs contend that the Court conflated the Poulin Affidavit with Poulin's expert report that was dated October 3, 2003 ("Poulin Declaration"). Plaintiffs argue that the Court erroneously compared the benefits available under Cash Balance with the benefits under the "Prior Plan Formula" instead of comparing the benefits under Cash Balance with the benefits available under the Special Update. (Pl. Br. at 4). Plaintiffs also argue that this Court misinterpreted the language of the applicable treasury regulation. (Pl. Br. at 5). Essentially, Plaintiffs argue that if this Court had considered the Poulin Declaration instead of the Poulin Affidavit, it would have reached the conclusion that the Cash Balance transition required Defendants to provide § 204(h) notice.

Defendants oppose reconsideration and argue that Plaintiffs have not established the existence of a proper basis for reconsideration of the Opinion and Order. Defendants argue that

the Court followed established law and correctly compared the appropriate benefit amounts in reaching its determination to grant summary judgment to Defendants on Count Three.

After considering the arguments of Plaintiffs and Defendants, and carefully reviewing the Opinion and Order and all exhibits cited to by the parties, the Court hereby denies Plaintiffs' motion for reconsideration and/or clarification with respect to Count Three. Although the Court in its Opinion and Order mistakenly referred to the Poulin Affidavit as an "expert report" in conjunction with its analysis of Count Three, the Court's reasoning and determinations still stand even after revisiting both the Poulin Affidavit and Poulin Declaration. Plaintiffs fail to raise any matters of fact or issues of law that this Court overlooked in reaching its decision. Holten, 2002 U.S. Dist. LEXIS 10151, *4 (D.N.J. May 20, 2002) (citations omitted). Even after reviewing the Poulin Declaration, the Court shall rest upon its interpretation of the applicable statutes and regulations and its ultimate determination that Count Three should be dismissed. The Poulin Declaration does not constitute a matter that was overlooked by this Court, rather, the Poulin Declaration presents an alternative legal theory which was fully argued by the Plaintiffs during summary judgment briefing and which was rejected by this Court.

Further, the Court has reviewed the attachments to the Poulin Affidavit, paying special attention to the figures reached both by Poulin, the Plaintiffs' expert, and Kevin Armant ("Armant"), the Defendants' actuary. Poulin and Armant reached the same figures for Plaintiffs Smit, Engers, and Noerr's age-65 accrued benefit under both the Prior Plan Formula and Cash Balance. For each of these Plaintiffs, the projected accrued benefit available under Cash Balance is higher than that available under the Prior Plan Formula. For Plaintiff McFall, the figures reached by Poulin were slightly higher than those reached by Armant, but McFall's projected

accrued benefit at age-65 is still higher under Cash Balance than under the Prior Plan Formula. Accordingly, the Court's original conclusion was properly supported by the exhibits to the Poulin Affidavit, nor contrary to the Poulin Declaration. Plaintiffs' motion for reconsideration with respect to Count Three is hereby denied.

### 2. Count Six

Plaintiffs move for reconsideration of the Opinion and Order with respect to Count Six of the Fourth Amended Complaint. Plaintiffs argue that this Court did not follow the precedent of Burstein v. Allegheny, 334 F.3d 365 (2003) in reaching its decision to dismiss Count Six and grant summary judgment on this claim to Defendants. Alternatively, Plaintiffs ask this Court to reconsider its decision to grant summary judgment to Defendants and hold a bench trial on disputed factual issues. (Pl. Br. at 10).

Defendants oppose Plaintiffs' request for reconsideration on the basis that Plaintiffs merely rehash arguments already made to the Court during summary judgment briefing. Defendants also argue that Plaintiffs' request for a bench trial on factual issues constitutes mere disagreement with the Court's decision and should consequently be disregarded. (Def. Br. Opp'n at 11).

A motion for reconsideration may not be used to re-litigate old matters. P. Schoenfeld, 161 F. Supp. 2d at 352; N.L. Indus., 935 F. Supp. at 516; 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d., § 2810.1 (1995). Plaintiffs argue that this Court overlooked a controlling decision, that is, Burstein. However, this Court did not overlook this decision. Rather, the Court read Burstein and determined that it was distinguishable from the present situation and thus, inapplicable. (Op. at 41-42). It is thus

6

apparent that this Court did not overlook this Third Circuit decision, but merely disagreed with Plaintiffs' interpretation of its holding. This does not constitute a sufficient basis for reconsideration. Further, the Court determines that a bench trial on alleged factual disputes is not warranted in this matter. The Court granted summary judgment as a matter of law to Defendants with respect to Count Six, and in the process, necessarily determined that no genuine disputes of material fact existed. Accordingly, Plaintiffs' request for a bench trial on alleged disputed facts runs contrary to the Court's holding, and may thus be characterized as mere disagreement with the Court's holding. Plaintiffs' motion for reconsideration with respect to Count Six is hereby denied.

       **3.**      **Count Seven**

Plaintiffs move for reconsideration of the Opinion and Order with respect to Count Seven of the Fourth Amended Complaint. Plaintiffs argue that the Court misread and misapplied applicable precedent as well as overlooked legal support which Plaintiffs offered in their summary judgment submissions. Specifically, Plaintiffs contend that the Court did not address Plaintiffs' argument concerning the "'relative value' of benefit options" in conjunction with certain disclosure regulations and Third Circuit case-law. (Pl. Br. at 14-15).

Defendants oppose Plaintiffs' motion on the basis that it fails to provide a proper basis for reconsideration. Defendants argue that Plaintiffs merely disagree with the Court's holding and that the Court did not overlook any controlling decision. In support of their position, Defendants note that Plaintiffs cite to non-binding court decisions from the Second Circuit and two District Court cases from outside of the District of New Jersey. (Def. Br. Opp'n at 13). With respect to Plaintiffs' "relative value" argument, Defendants argue that such a claim is not even present in

the Fourth Amended Complaint, as argued in Defendants' summary judgment submissions, and thus the Court was correct to disregard related arguments in its decision. (Def. Br. Opp'n at 13).

In essence, Plaintiffs argue that this Court overlooked controlling decisions as well as their "relative value" argument and supporting regulations in reaching its decision with respect to Count Seven. In addition to disagreeing with this Court's interpretation and application of the Supreme Court decision Varity Corp. v. Howe, 516 U.S. 489 (1996), Plaintiffs argue that the Third Circuit decision in Burstein allows a plaintiff to pursue a claim related to the sufficiency of a summary plan description under § 502(a)(1)(B) of ERISA. However, as Defendants note, Burstein does not address the specific question of whether a plaintiff may pursue duplicative statutory and fiduciary duty claims for the same alleged violation. See Burstein, 334 F.3d 365. Further, the Second and Eleventh Circuit cases cited to by Plaintiffs, as well as the District Court cases, clearly do not constitute "controlling decisions" sufficient to establish a proper basis for reconsideration. L. Civ. R. 7.1(i).

Plaintiffs also argue that this Court should reconsider its decision because the Court did not address Plaintiffs' allegation, in conjunction with Plaintiffs' fiduciary duty claim, that Defendants failed to disclose the "'relative values' of benefit options." (Pl. Br. at 14). In reaching its decision to dismiss Count Seven, the Court held that Plaintiffs may not pursue a breach of fiduciary duty claim which seeks an equitable remedy because Plaintiffs have the ability to proceed under ERISA § 502(a)(1)(B) to recover for Defendants' alleged violation of ERISA § 102. (Op. at 36). Since the Court determined that Plaintiffs were unable to pursue a fiduciary claim for Defendants' alleged failures to disclose, the Court stated that it would not thus reach "any remaining arguments of the parties with respect to this claim." (Op. at 37).

8

Thus, contrary to Plaintiffs' argument in support of reconsideration that the Court *failed* to consider Plaintiffs' "relative values" claim, it is apparent that the Court did not overlook such an argument. Rather, the Court did not specifically analyze these arguments because it had already determined that Plaintiffs were unable to bring such a claim, whether based on "relative values" or not. Plaintiffs merely seek to re-litigate old matters that were raised before the Court during summary judgment briefing. Such does not constitute an appropriate basis for reconsideration, and Plaintiffs' motion is hereby denied with respect to Count Seven.

**B.     Defendants' Motion for Clarification**

Defendants move for clarification of the Opinion and Order. Defendants request this Court to clarify certain language contained in the Opinion and Order and revise the text of the Opinion and Order. Namely, Defendants seek to have the Court amend its Opinion and Order "(1) to reflect the grant of defendants' motion for summary judgment in its entirety, and (2) to specify that the Sixth Claim for Relief of the Fourth Amended Complaint is dismissed 'with prejudice.'" (Def. Br. at 3).

As Defendants point out in their brief submitted in conjunction with their motion for clarification, the Court, at page 2 of the Opinion, and page 1 of the Order, stated that Defendants' motion for summary judgment had been granted in part and denied in part. However, Defendants argue that since Claims Three, Four, Five, Six and Seven were all dismissed by the Court, this language should have reflected the fact that Defendants' motion for summary judgment was granted in its entirety, not granted in part and denied in part.

Defendants also request this Court to specify that Count Six was dismissed "with prejudice." In support of this request, Defendants note that in the absence of specification, a

9

claim is deemed to have been dismissed on the merits, or with prejudice. (Def. Br. at 2) (citing Napier v. Thirty or More Unidentified Fed'l Agents, 855 F.2d 1080, 1087 (3d Cir. 1988)).

Plaintiffs oppose Defendants' motion for clarification on the basis that the Opinion and Order accomplishes its intended purpose. Plaintiffs argue that it is unnecessary to make any editorial changes to the Opinion and Order. However, the Court notes that Plaintiffs' brief opposition only addresses one of Defendants' requests. Plaintiffs' submission does not specifically address Defendants' request that the Court clarify that the dismissal of Count Six was with prejudice.

In light of this Court's denial of Plaintiffs' motion for reconsideration of the Opinion and Order and the Court's consideration of Defendants' arguments in support of clarification, the Court hereby grants Defendants' motion. The Court neglected to specify that Count Six was dismissed with prejudice, but it is clear from the text of the Opinion and after consideration of the basis for the Court's decision that such dismissal was with prejudice. Further, since the Court dismissed[1] Counts Three, Four, Five, Six and Seven, and denied Plaintiffs' motion without prejudice as to Counts Ten and Twelve, there can be no question that Defendants' motion for summary judgment was granted in its entirety. The Court inadvertently stated that Defendants' motion for summary judgment was granted in part and denied in part. Accordingly, Defendants' motion for clarification is granted. The Court will issue an Amended Order reflecting both of these changes.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied and

---

[1] The Court notes that its dismissal of Counts Four and Five was without prejudice.

Defendants' motion for clarification is granted.


DATED: November 15, 2006                         /s/ Jose L. Linares
                                                                                United States District Judge