<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILLIP C. ENGERS, WARREN J. MCFALL, DONALD G. NOERR, and GERALD SMIT, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civil Action No. 98-3660 (SRC) |
| v. | |
| | OPINION |
| AT&T and AT&T MANAGEMENT PENSION PLAN, | |
| Defendants. | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion to dismiss the First and Second Claims of the Fourth Amended Complaint for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants AT&T and AT&T Management Pension Plan (collectively, "Defendants" or "AT&T"). For the reasons set forth below, the motion will be **DENIED**.

**BACKGROUND**

This case arises out of disputes over an AT&T Pension Plan (the "Plan"). The background to this case has been stated in previous Opinions in this case and will not be repeated here. Plaintiffs are Phillip C. Engers, Warren J. McFall, Donald G. Noerr, and Gerald Smit (collectively, "Plaintiffs").

On November 23, 2004, Plaintiffs filed the Fourth Amended Class Action Complaint ("FAC"). In brief, the First and Second Claims allege that Defendants discriminated against

Plaintiffs on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), based on changes in provisions of their pension plan. The Court had previously dismissed these claims with prejudice in its Order of June 29, 2000. Plaintiffs moved for reconsideration in view of the Supreme Court's decision in Smith v. City of Jackson, 544 U.S. 228 (2005). On December 12, 2006, this Court granted the motion for reconsideration and vacated the dismissal of the First and Second Claims, thus reinstating them. Defendants then filed the instant motion to again dismiss them.

## ANALYSIS

**I.    Legal Standards**

    A.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it

2

will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46. "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

**II.    Defendants' 12(b)(6) motion to dismiss**

Defendants' argument is primarily an attempt to leverage this Court's prior dismissal of the Ninth Claim. On June 6, 2001, in this case, Judge Politan dismissed the Ninth Claim, which alleged that Defendants violated § 4(i)(1)(A) of ADEA, 29 U.S.C. § 623(i)(1)(A), because the Plan Amendment reduced the rate of benefit accrual based on age. This Court held: "since none of the named plaintiffs [are] . . . employees who have reached the normal retirement age of sixty-five[,] they are not protected by § 4(i)(1)(A) of ADEA or § 204(b)(1)(H)(i) of ERISA and thus do not have standing to pursue those claims." Engers v. AT&T Corp., 2001 U.S. Dist. LEXIS 25889 at *11 (D.N.J. 2001). The parties do not dispute that Judge Politan's decision is the law of the case; at issue is whether this effectively precludes the First and Second claims.

Plaintiffs do not dispute Defendants' assertion that the claims at issue concern the earning of retirement benefits, which is "benefit accrual." The First Claim alleges violations of ADEA § 4(a), 29 U.S.C. § 623(a), as well as 29 U.S.C. § 626(b). The Second Claim alleges

violations of the ADEA and does not specify a provision.

Defendants argue that ADEA § 4(i)(4) establishes that Plaintiff's remedy for benefit accrual violations under the ADEA is limited exclusively to what is available under § 4(i). Since this Court has ruled that they lack standing to pursue claims under § 4(i), Defendants contend, it is beyond doubt that Plaintiffs can prove no set of facts in support of the First and Second claims which would entitle them to relief.

Defendants argue that § 4(i)(4) should be read to make § 4(i) "the exclusive ADEA provision under which claims relating to benefit accrual may be brought." (Defs.' Opp. Br. 10.) This subsection of the statute states: "Compliance with the requirements of this subsection with respect to an employee pension benefit plan shall constitute compliance with the requirements of this section relating to benefit accrual under such plan." 29 U.S.C. § 623(i)(4). Defendants' argument, however, is not supported by the plain meaning of this provision.

The Supreme Court has established this basic principle of statutory interpretation: "Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent." Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997).

The meaning of § 4(i) is plain and unambiguous: if a plan complies with § 4(i), it complies with all benefit accrual requirements in § 4. Defendants argue, however, that it is not enough to just read the plain language of the statute, and that further interpretation is necessary to import additional meaning. This is contrary to the interpretive principles of Robinson: having found that the statute has a plain and unambiguous meaning, the inquiry ends. This

Court rejects Defendants' attempts to graft additional meaning onto a straightforward provision. Defendants have not persuaded this Court that the language of the § 4(i) is ambiguous, no less that the ambiguity is resolved by adding onto § 4(i) the meaning that "when it comes to benefit accrual under employee pension benefit plans like AT&T's, section 4(i) is the sole source for section 4 ADEA liability." (Defs.' Opp. Br. 13.)

Moreover, the language of § 4(i) implies exactly the opposite of what Defendants contend. The provision only has usefulness when benefit accrual issues arise under other parts of § 4. Section 4(i) states that compliance under the subsection, § 4(i), constitutes compliance with benefit accrual requirements under the entire section, § 4. If benefit accrual requirements cannot be at issue outside of § 4(i), this is surplusage. It is only meaningful if, contrary to Defendants' argument, benefit accrual issues can arise under subsections other than § 4(i).

Plaintiffs cite language in the legislative history which supports this textual analysis. In 1990, Congress amended the ADEA. Reporting on these amendments, both the House Education & Labor Committee and the Senate Human Resources Committee stated:

> Finally, in amending section 4(f)(2) it is not the intent of the Committee in any way to alter or modify the requirements of section 4(i) enacted by the Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. section 623(i). That provision, applicable to employees with at least an hour of service in a pension plan year beginning on or after January 1, 1988, requires non-discriminatory accruals or pension credits in defined benefit and defined contribution pension plans. Employees covered by the provisions of section 4(i) must generally have their retirement benefits calculated in a manner that provides credit for all benefits accrued after the attainment of the normal retirement age specified in the plan. It is not the intent of these amendments to modify those requirements, or otherwise to affect any existing or future cause of action under that provision. In circumstances in which the provisions of section 4(i) are inapplicable, claims of discriminatory accruals or pension credits in defined benefit and defined contribution pension plans shall continue to be resolved under section 4(f)(2) as modified by these amendments.

S. REP. NO. 101-263, at 1525 (1990).  This passage clearly contemplates that there may be circumstances in which claims of discriminatory pension accruals will be resolved outside of § 4(i).  This contradicts Defendants' interpretation of § 4(i).

In addition, even if Defendants' interpretation of § 4(i) were correct, Judge Politan did not rule on the question of whether Defendants have complied with § 4(i).  His decision that Plaintiffs lack standing to pursue a claim under § 4(i) does not constitute a determination of Defendants' compliance with that provision.  His decision thus cannot resolve claims under other ADEA subsections that might rely on determination of Defendants' compliance with the § 4(i) benefit accrual rules.

Because Defendants have relied on an erroneous interpretation of § 4(i), they have failed to show that the First and Second Claims fail to state a valid for relief.  Defendants' motion to dismiss for failure to state a claim will be denied.

## **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss the First and Second Claims of the Fourth Amended Complaint for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), is **DENIED.**

                                                    s/ Stanley R. Chesler
                                                Stanley R. Chesler, U.S.D.J.

Dated: March 29, 2007